IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| AURELIO TARAZONA CARVAJAL, EDUAR HURTADO GARCIA, ELKIN HUMBERTO GÓMEZ PINTO, FREDY ALEXANDER HERRERA PICO, JAIRO ANDRÉS ARDILA PEÑA, JORGE ELIECER DIAZ GALVIS, WILSON FABIAN PEÑA CASTILLO, JUAN DAVID GARCÍA RODRIGUEZ, *Plaintiffs*, <br><br> v. <br><br> MIJELUM, L.L.C., *Defendant*. <br><br>――――――――――――――――― <br><br> MIJELUM, L.L.C., *Counter-Plaintiff,* <br><br> v. <br><br> AURELIO TARAZONA CARVAJAL, EDUAR HURTADO GARCIA, ELKIN HUMBERTO GÓMEZ PINTO, FREDY ALEXANDER HERRERA PICO, JAIRO ANDRÉS ARDILA PEÑA, JORGE ELIECER DIAZ GALVIS, WILSON FABIAN PEÑA CASTILLO, JUAN DAVID GARCÍA RODRIGUEZ, *Counter-Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § § § §  EP-23-CV-00245-RFC |

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' FIRST AMENDED COMPLAINT**

On this day, the Court considered "Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Complaint" ("Motion") (ECF No. 18), filed on February 2, 2024. For the following reasons, Plaintiffs' Motion is **DENIED.**

**I.  BACKGROUND**

This case involves alleged violations of the Federal Labor Standards Act. *See* Pls.' Original Compl., ECF No. 1. Plaintiffs filed this case on June 27, 2023. *See id.* The case was originally assigned to Senior United States District Judge Frank Montalvo. Judge Montalvo issued a scheduling order that set the deadline for filing motions to amend or supplement pleadings as November 9, 2023. Scheduling Order 1, ECF No. 6.

Upon both parties' consent, the case was transferred to this Court for determination. *See* Order Transferring Case to Magistrate Judge, ECF No. 8. Defendant Mijelum, L.L.C. filed a motion to extend the deadlines set out in the scheduling order, and, as a result, the Court issued an amended scheduling order on November 16, 2023. *See* Am. Scheduling Order, ECF No. 10. The amended scheduling order set a deadline of December 27, 2023, for the parties to file motions to amend or supplement pleadings. *Id.* at 1. This scheduling order did not contain a trial date. On December 29, 2023, the Court issued a second amended scheduling order, setting the dates for the pre-trial conference and jury trial. *See* Second Am. Scheduling Order, ECF No. 11. All other deadlines remained the same, and the deadline for motions to amend or supplement pleadings had already passed.

## II.   DISCUSSION

The Local Rules of the Western District of Texas state:

> [t]he court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made. If there is any ambiguity about whether a motion is dispositive or nondispositive, the parties should confer.

W.D. Tex. Civ. R. 7(g). A motion for leave to amend a complaint "that does not dispose of an existing cause of action, counterclaim or defense . . . is non-dispositive as defined by Federal Rule [of Civil Procedure] 72." *Macias v. Bexar Cnty.*, No. SA-21-CV-00193-JKP, 2023 WL 3103829,

at *1 (W.D. Tex. Apr. 25, 2023) (collecting cases). The Fifth Circuit has "held that failure to follow local court rules is a basis for upholding a district court's denial of leave to amend." *G.M. ex rel. Lopez v. Shelton*, 595 F. App'x 262, 267 (5th Cir. 2014).

In their motion, Plaintiffs state that they seek to amend their complaint to add two individuals, Luis Mucharraz and Leon Mucharraz, as additional defendants. Mot. ¶ 10, ECF No. 18. Since no causes of action are disposed of, this is a nondispositive motion. Plaintiffs have not advised the Court within the body of the motion whether the parties have conferred. Therefore, the Court will deny the motion.

Further, the Court notes that the deadline to amend the pleadings has passed. Once the scheduling order deadline has expired, Federal Rule of Civil Procedure 16(b) governs motions to amend pleadings. *Coves of the Highland Cmty. Dev. Dist. v. McGlinchey Stafford*, P.L.L.C., No. CIV.A. 09-7251, 2011 WL 4478436, at *3 (E.D. La. Sept. 26, 2011) (quoting *S & W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). The movant must demonstrate that there is good cause to modify the scheduling order. *Id.* After that, the court applies the more liberal standard of Federal Rule of Civil Procedure 15(a) in deciding whether to grant the motion for leave to amend. *Id.* Plaintiffs have failed to provide any explanation for why good cause exists to modify the scheduling order.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Complaint.

**SIGNED** this 21st day of February, 2024.

_____
**ROBERT F. CASTAÑEDA**

**UNITED STATES MAGISTRATE JUDGE**