IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| AURELIO TARAZONA CARVAJAL, EDUAR HURTADO GARCIA, ELKIN HUMBERTO GÓMEZ PINTO, FREDY ALEXANDER HERRERA PICO, JAIRO ANDRÉS ARDILA PEÑA, JORGE ELIECER DIAZ GALVIS, WILSON FABIAN PEÑA CASTILLO, JUAN DAVID GARCÍA RODRIGUEZ, *Plaintiffs*, <br><br> v. <br><br> MIJELUM, L.L.C., *Defendant*. | § § § § § § § § § § § § § § § § § |
| MIJELUM, L.L.C., *Counter-Plaintiff*, <br><br> v. <br><br> AURELIO TARAZONA CARVAJAL, EDUAR HURTADO GARCIA, ELKIN HUMBERTO GÓMEZ PINTO, FREDY ALEXANDER HERRERA PICO, JAIRO ANDRÉS ARDILA PEÑA, JORGE ELIECER DIAZ GALVIS, WILSON FABIAN PEÑA CASTILLO, JUAN DAVID GARCÍA RODRIGUEZ, *Counter-Defendants*. | § § § § § § § § § § § § § § § § § § |

EP-23-CV-00245-RFC

**MEMORANDUM OPINION AND ORDER**

On this day, the Court considered Plaintiffs' "Second Motion for Leave to File Plaintiffs' First Amended Complaint" ("Motion") (ECF No. 20), filed on February 29, 2024. For the following reasons, Plaintiffs' Motion is **GRANTED.**

**I.   BACKGROUND**

This case involves alleged violations of the Federal Labor Standards Act. *See* Pls.' Original Compl., ECF No. 1. Plaintiffs filed this case on June 27, 2023. *See id.* The case was originally assigned to Senior United States District Judge Frank Montalvo. Judge Montalvo issued a scheduling order that set the deadline for filing motions to amend or supplement pleadings as November 9, 2023. Scheduling Order 1, ECF No. 6.

Upon both parties' consent, the case was transferred to this Court for determination on November 6, 2023. *See* Order Transferring Case to Magistrate Judge, ECF No. 8. Defendant Mijelum, L.L.C. ("Defendant") filed a motion to extend the deadlines set out in the scheduling order, and, as a result, the Court issued an amended scheduling order on November 16, 2023. *See* Am. Scheduling Order, ECF No. 10. The amended scheduling order set a deadline of December 27, 2023, for the parties to file motions to amend or supplement pleadings. *Id.* at 1. This scheduling order did not contain a trial date. On December 29, 2023, the Court issued a second amended scheduling order, setting the dates for the pre-trial conference and jury trial. *See* Second Am. Scheduling Order, ECF No. 11. All other deadlines remained the same, and the deadline for motions to amend or supplement pleadings had already passed.

Plaintiffs filed their Motion for Leave to File Plaintiffs' First Amended Complaint (ECF No. 18) on February 2, 2024. At that time, the Court denied the motion for failure to follow the Local Rules of the Western District of Texas. *See* Order Den. Pls.' Mot. Leave File Pls.' First Am. Compl., ECF No. 19. Plaintiffs filed this second motion for leave to file their first amended complaint on February 29, 2024. *See* Mot., ECF No. 20. Defendant has not responded to the motion.

## II.     LEGAL STANDARD

Federal Rule of Evidence 15(a) governs amendments of pleadings. Rule 15(a)(2) provides that, in a case where the party does not have the right to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

However, once the scheduling order deadline for amendments of pleadings has expired, Federal Rule of Civil Procedure 16(b) governs motions to amend pleadings. *S & W Enters., L.L.C. v. South Trust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant must demonstrate that there is good cause to modify the scheduling order. *S & W Enters., L.L. C.*, 315 F.3d at 536. The good cause analysis looks at four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (cleaned up).

If good cause is found, the court applies the more liberal standard of Federal Rule of Civil Procedure 15(a) in deciding whether to grant the motion for leave to amend. *Id.* The Fifth Circuit uses five considerations to determine whether to grant a party leave to amend: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

### III.   DISCUSSION

The documents Plaintiffs received from Defendant through discovery include contracts with the state of Texas, all of which were signed by Defendant's managing partner, Leon Mucharraz. Mot. ¶¶ 14–16. Additionally, Defendant provided Plaintiffs with certified payroll

reporting forms.  *Id.* ¶ 17.  They showed that Luis Mucharraz, another managing partner of Defendant, "certified that he paid or supervised the payment of the employees and that they were paid correctly."  *Id.*  After reviewing these documents, Plaintiffs seek to add Leon Mucharraz and Luis Mucharraz as defendants.  *Id.* ¶ 20.

As mentioned, the deadline for motions to amend pleadings was December 27, 2023.  Plaintiffs filed their first motion for leave to amend their complaint on February 2, 2024.  Plaintiffs explain the reason for the delay in filing their motion by stating that they first had to review the documents and responses they received from Defendant, which were only received on December 7, 2023.  *Id.* ¶¶ 5, 8.  The Court considers this a reasonable explanation for the delay.

Additionally, the amendment is important because Plaintiffs seek to add two more defendants.  *Id.* ¶ 20.  The importance of a proposed amendment "weighs in favor of a 'good cause' finding."  *Rangel v. Gonzalez Mascorro*, No. CV L-10-104, 2011 WL 13353220, at *3 (S.D. Tex. Aug. 19, 2011).

Regarding the last two factors, Plaintiffs assert that there is no prejudice in allowing the amendment, "as the same underlying facts and evidence apply to the claims against all three Defendants."  Mot. ¶ 21.  Defendant has not provided any argument for why it would be prejudiced.  Further, the deadlines for dispositive motions and discovery have not yet passed in this case.  And, finally, a continuance would be available to cure any prejudice.  Thus, the Court concludes that there is good cause to modify the scheduling order.

Once the movant has demonstrated good cause to modify the scheduling order, the Court looks whether leave to amend should be granted under Rule 15(a).  The Court has already discussed the delay in filing the motion for leave to file and prejudice to the opposing party above.  There is no evidence of bad faith or dilatory motive.  There has been no repeated failure to cure

deficiencies by previous amendments. And, lastly, there is no evidence that the amendment would be futile. Therefore, the Court will grant the motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Second Motion for Leave to File Plaintiffs' First Amended Complaint.

The Court **FURTHER ORDERS** the Clerk of the Court to docket Plaintiffs' First Amended Complaint (ECF No. 20-10).

**SIGNED** this 28th day of March, 2024.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**