IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| AURELIO TARAZONA CARVAJAL, <br> EDUAR HURTADO GARCIA, <br> ELKIN HUMBERTO GÓMEZ PINTO, <br> FREDY ALEXANDER HERRERA PICO, JAIRO ANDRÉS ARDILA PEÑA, JORGE ELIECER DIAZ GALVIS, WILSON FABIAN PEÑA CASTILLO, JUAN DAVID GARCÍA RODRIGUEZ <br> *Plaintiffs* <br><br> v. <br><br> MIJELUM, L.L.C. <br> *Defendant* | Civil Action No. 3:23-CV-00245 |

## DEFENDANT'S ANSWER, DEFENSES, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Mijelum, L.L.C. ("Defendant") files this Answer, Defenses, Affirmative Defenses and Counterclaim ("Answer") to Plaintiffs' First Amended Complaint ("Complaint") filed by Plaintiffs' and in support of its Answer, respectfully shows the Court as follows:

### A. LIMITED GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies all factual allegations contained in the Complaint except those expressly admitted below.

### B. ADMISSIONS AND DENIALS TO PLAINTIFFS' ALLEGATIONS

In addition to its limited general denial, Defendant specifically responds to the Plaintiffs' factual allegations as follows (which correspond to the Complaint's numbered paragraphs):

1. Defendant admits in paragraph 1 that Plaintiff, Aurelio Tarazona Carvajal, was employed

___
Defendant's Answer, Defenses, Affirmative Defenses, and Page 1 of 9
Counterclaim to Plaintiff's First Amended Complaint
Civil Action No. 3:23-CV-00245

by Defendant and performed work within the Western District of Texas El Paso Division.

2. Defendant admits in paragraph 2 that Plaintiff, Eduar Hurtado Garcia, was employed by Defendant and performed work within the Western District of Texas El Paso Division.

3. Defendant admits in paragraph 3 Plaintiff, Elkin Humberto Gómez Pinto, was employed by Defendant and performed work within the Western District of Texas El Paso Division.

4. Defendant admits in paragraph 4 that Plaintiff, Fredy Alexander Herrera Pico, was employed by Defendant and performed work within the Western District of Texas El Paso Division.

5. Defendant admits in paragraph 5 that Plaintiff, Jairo Andrés Ardila Peña, was employed by Defendant and performed work within the Western District of Texas El Paso Division.

6. Defendant admits in paragraph 6 that Plaintiff, Jorge Eliecer Diaz Galvis, was employed by Defendant and performed work within the Western District of Texas El Paso Division.

7. Defendant admits in paragraph 7 that Plaintiff, Wilson Fabian Peña Castillo, was employed by Defendant and performed work within the Western District of Texas El Paso Division.

8. Defendant admits in paragraph 8 that Plaintiff, Juan David García Rodriguez, was employed by Defendant and performed work within the Western District of Texas El Paso Division.

9. Defendant admits in paragraph 9 that Mijelum, L.L.C. is a Texas LLC and may be served with process by the clerk of the Court.

10. Defendant admits in paragraph 10 that Luis Mucharraz is an individual who may be served with process at 3001 W HWY 90 Lot 5, Alpine, TX 79830, or wherever he may be found.

11. Defendant admits in paragraph 11 that Leon Mucharraz is an individual who may be served with process at 908 Canyon drive, Midland TX 79703 or where he may be found.

_____
Defendant's Answer, Defenses, Affirmative Defenses, and Page 2 of 9
Counterclaim to Plaintiff's First Amended Complaint
Civil Action No. 3:23-CV-00245

12. Defendant admits in paragraph 12 that this Court has jurisdiction to hear this Complaint under the Fair Labor Standards Act 29 U.S.C. § 201 *et seq*.

13. Defendant admits in paragraph 13 that the venue is proper in the Western District of Texas El Paso Division because the events forming the basis of the suit occurred in whole or in part within the Western District of Texas El Paso Division.

14. Defendant denies the allegations in paragraph 14 and demands strict proof thereof.

15. Defendant admits in paragraph 15 the employees involved in this cause of action were employees of Defendant but denies the remaining allegations that "at all times" they were employees of Defendant, "at all times acting in the course and scope of that employment," and "Defendants are liable for such conduct under the doctrine of Respondent Superior."

16. Defendant denies the allegations in paragraph 16 and demands strict proof thereof.

17. Defendant admits in paragraph 17 that Plaintiffs were employed as Highway Maintenance Workers and performed manual labor in 2021 and 2022 but denies the remaining allegations and demands strict proof thereof.

18. Defendant denies the allegations in paragraph 18 and demands strict proof thereof.

19. Defendant denies the allegations in paragraph 19 and demands strict proof thereof.

20. Defendant denies the allegations in paragraph 20 and demands strict proof thereof.

21. Defendant denies the allegations in paragraph 21 and demands strict proof thereof.

22. Defendant denies the allegations in paragraph 22 and demands strict proof thereof.

23. Defendant denies the allegations in paragraph 23 and demands strict proof thereof.

24. Defendant denies the allegations in paragraph 24 and demands strict proof thereof.

25. Defendant denies the allegations in paragraph 25 and demands strict proof thereof.

26. Defendant admits the statements of law but denies the allegations as a cause of action in

Defendant's Answer, Defenses, Affirmative Defenses, and Page 3 of 9
Counterclaim to Plaintiff's First Amended Complaint
Civil Action No. 3:23-CV-00245

paragraph 26 and demands strict proof thereof.

27. Defendant denies the allegations in paragraph 27 and demands strict proof thereof.

28. Defendant denies the allegations in paragraph 28 and demands strict proof thereof.

29. Defendant denies the allegations in paragraph 29 and demands strict proof thereof.

30. Defendant admits paragraph 30.

31. Defendant admits paragraph 31.

32. Defendant admits paragraph 32.

33. Defendant admits paragraph 33.

34. Defendant admits the statements of law but denies the allegations as a cause of action in paragraph 34 and demands strict proof thereof.

35. Defendant admits the statements of law but denies the allegations as a cause of action in paragraph 35 and demands strict proof thereof.

36. Defendant admits the statements of law but denies the allegations as a cause of action in paragraph 36 and demands strict proof thereof.

37. Defendant admits the statements of law but denies the allegations as a cause of action in paragraph 37 and demands strict proof thereof.

38. Defendant denies paragraph 38.

39. Defendant denies the allegations in paragraph 39 and demands strict proof thereof.

40. Defendant denies the allegations in paragraph 40 and demands strict proof thereof.

41. Defendant admits that Plaintiff demands trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure

To the extent the Plaintiff's Prayer asserts factual allegations, Defendant denies each and every allegation therein.

_____
Defendant's Answer, Defenses, Affirmative Defenses, and Page 4 of 9
Counterclaim to Plaintiff's First Amended Complaint
Civil Action No. 3:23-CV-00245

## C. DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES

42. Pleading further, and to the extent necessary, Plaintiff's claims are barred in whole or in part of the following defenses and/or affirmative defenses, each of which are offered in the alternative and to the extent applicable:

43. The Complaint fails to state a claim upon which relief may be granted.

44. Defendant invokes the defenses, protections, and limitations of the Fair Labor Standards Act 29 U.S.C. § 201 *et seq.*

45. At all times, Defendant acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

46. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

47. Defendant's actions were not intentionally or willfully devised, nor did they operate to violate the requirement of the statutes and/or regulations at issue.

48. Defendant's actions were not undertaken with reckless regard for the requirements of the statutes and/or regulations at issue.

49. All actions or omissions, if any, were in good faith and based on good cause and on reasonable grounds for believing that Defendant was complying with the FLSA.

50. The Plaintiffs claims are barred by the doctrines of waiver, estoppel and/or laches.

51. The Plaintiffs claims are barred, in whole or in part, by the statute of limitations.

52. All actions taken by the Defendant with respect to the Plaintiff are supported by legitimate business reasons.

53. In the alternative, Defendant is entitled to offset monies or other consideration paid or provided to Plaintiffs by Defendants for periods in which Plaintiff was not engaged to

___
Defendant's Answer, Defenses, Affirmative Defenses, and Page 5 of 9
Counterclaim to Plaintiff's First Amended Complaint
Civil Action No. 3:23-CV-00245

work.

54. In part, Plaintiff's action is barred because they seek to recover for time that is de minimus work time and thus no compensable under the FLSA.

55. Plaintiffs have failed to mitigate their alleged damages.

56. Defendant gives notice that it intends to rely on such other defenses and affirmative defenses as may become available or apparent during the course of discovery in this case. Defendant reserves the right to amend its Answer; to add additional affirmative or other defenses; to delete or withdraw affirmative or other defenses, and to add such counterclaims as may become necessary after reasonable opportunity for discovery.

### D. COUNTERCLAIMS

*FACTS*

57. On or about September 10, 2022, Mijelum, L.L.C. (hereafter referred to as Counter Plaintiff) attempted to make contact with employees Jorge Eliecer Diaz Galvis, Eduar Andres Hurtado Garcia, Elkin Humberto Gomez Pinto, Aurelio Tarazona Carvajal, and Fredy Alexander Herrera Pico (hereafter collectively referred to as Counter Defendants).

58. Counter Plaintiff attempted numerous times to make contact with Counter Defendants through all electronic means but was unsuccessful.

59. Through Counter Defendants actions and unresponsiveness, Counter Plaintiff learned that Counter Defendants quit their employment with Counter Plaintiff.

60. Counter Plaintiff subsequently learned that one of the vehicles (VIN1B7HC13Y4XJ630593) previously in possession of Counter Defendants was not returned to Counter Plaintiff, who is the legal owner of the vehicle.

61. On or about September 12, 2022, Counter Plaintiff reported the vehicle with the VIN:

___
Defendant's Answer, Defenses, Affirmative Defenses, and  Page 6 of 9
Counterclaim to Plaintiff's First Amended Complaint
Civil Action No. 3:23-CV-00245

1B7HC13Y4XJ630593 stolen to the Ector County Sheriff's Office, reference number 22-E3941.

## COUNT I- CONVERSION

62. Counter Plaintiff was the legal owner of the vehicle through a certificate of title, identied as VIN: 1B7HC13Y4XJ630593.

63. Counter Defendants, who legally acquired possession of Counter Plaintiff's personal property, wrongfully exercised dominion, and control over the property by using it in a way that departed from the conditions under which it was received.

64. Counter Defendants refused to return the property on Counter Plaintiff's demand.

65. Counter Defendants acts amounted to a clear repudiation of Counter Plaintiff's rights.

66. Counter Plaintiff seeks return of the converted property and damages within the jurisdictional limits of this Court.

## EXEMPLARY DAMAGES

67. Counter Plaintiff's injury resulted from Counter Defendants malice, which entitles Counter Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a)(2).

## ATTORNEY FEES

68. Counter Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Property Code section 70.008 because this is a suit to recover possession of a motor vehicle.

## DAMAGES

69. Counter Plaintiff sustained damages as a result of the actions and/or omissions of Counter Defendant including:

    a. Actual damages;

___

Defendant's Answer, Defenses, Affirmative Defenses, and  Page 7 of 9
Counterclaim to Plaintiff's First Amended Complaint
Civil Action No. 3:23-CV-00245

  b. Exemplary damages;

  c. Prejudgment and postjudgment interest;

  d. All reasonable and necessary courts costs;

  e. All necessary and reasonable attorney fees;

  f. Any other relief entitled by law.

**WHEREFORE, PREMISES CONSIDERED**, Counter Plaintiff prays that on trial or other appropriate hearings, the Court grant a take nothing judgement in favor of the Counter Plaintiff and dismiss all of Counter Defendant's causes of action with prejudice. Counter Plaintiff further seeks a judgment against Counter Defendant for actual damages, return of the converted property, exemplary damages, prejudgment and postjudgment interest, court costs, any other relief, including attorneys' fees where applicable to which it shows itself to be justly entitled.

Respectfully submitted,

**JOE A. SPENCER JR., ESQ.**
**ATTORNEY & COUNSELOR AT LAW**
1009 Montana Ave.
El Paso, TX 79902
Tel. (915) 532-5562
Fax. (915) 532-7535

*/s/ Joe A. Spencer*
**Joe A. Spencer, Esq.**
Texas Bar No. 18921800
joe@joespencerlaw.com

ATTORNEY FOR DEFENDANT MIJELUM

___
Defendant's Answer, Defenses, Affirmative Defenses, and Page 8 of 9
Counterclaim to Plaintiff's First Amended Complaint
Civil Action No. 3:23-CV-00245

## CERTIFICATE OF SERVICE

On April 10, 2024, a true and correct copy of this document served on all counsel of record via the Court's electronic filing system.

Adam Poncio. Esq.
Alan Braun, Esq.
PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
Telephone: (210) 212-7979
Facsimile: (210) 212-5880
salaw@msn.com
abraun@ponciolaw.com

*/s/ Joe A. Spencer*
**Joe A. Spencer, Esq.**

_____
Defendant's Answer, Defenses, Affirmative Defenses, and Page 9 of 9
Counterclaim to Plaintiff's First Amended Complaint
Civil Action No. 3:23-CV-00245