IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| AURELIO TARAZONA CARVAJAL, EDUAR HURTADO GARCIA, ELKIN HUMBERTO GÓMEZ PINTO, FREDY ALEXANDER HERRERA PICO, JAIRO ANDRÉS ARDILA PEÑA, JORGE ELIECER DIAZ GALVIS, WILSON FABIAN PEÑA CASTILLO, JUAN DAVID GARCÍA RODRIGUEZ<br>*Plaintiffs*<br><br>v.<br><br><br>MIJELUM, L.L.C. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. _3:23-cv-245 RFC |

**PLAINTIFFS' RESPONSE TO SHOW CAUSE ORDER AND MOTION FOR LEAVE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME **AURELIO TARAZONA CARVAJAL, EDUAR HURTADO GARCIA, ELKIN HUMBERTO GÓMEZ PINTO, FREDY ALEXANDER HERRERA PICO, JAIRO ANDRÉS ARDILA PEÑA, JORGE ELIECER DIAZ GALVIS, WILSON FABIAN PEÑA CASTILLO,** and **JUAN DAVID GARCÍA RODRIGUEZ** and file this Response to the Court's Show Cause Order (*Dkt. 25*) and Motion for Leave and in support thereof would show the Court as follows.

**I.
BACKGROUND**

1. Plaintiffs filed suit against Defendant Mijelum on June 23, 2023. *Dkt. 1*.

2. On February 29, 2024, Plaintiffs filed their Second Motion for Leave to file their First Amended Complaint. *Dkt. 20*. Plaintiffs sought to add Luis Mucharraz and Leon Mucharraz

1

as individual Defendants. Luis and Leon Mucharraz are owners of Defendant Mijelum.

3. On March 5, 2024, Plaintiffs' Counsel took the Depositions of Leon Mucharraz and Luis Mucharraz. It is of note that at those Depositions, Leon and Luis Mucharraz were represented by Mr. Spencer, counsel for Mijelum. It is therefore likely that they have been kept up to date on this case by counsel.

4. The Court Granted the Plaintiffs' Second Motion for Leave on March 28, 2024. *Dkt. 22*.

5. On June 27, 2024 the parties filed their Joint Motion to Extend Scheduling Order Deadlines. *Dkt. 24*.

6. The Court issued its Show Cause Order on July 3, 2024. *Dkt. 25*.

7. The Court also granted the Motion to Extend Scheduling Order Deadlines on July 3, 2024. *Dkt. 26*.

8. On July 9, 2024, Counsel for Plaintiffs contacted Counsel for Defendant Mijelum to ask if Counsel could accept service or provide a waiver of service on behalf of Luis Mucharraz and Leon Mucharraz, but Defendant's counsel informed Plaintiff's counsel he could not accept a waiver of service and that Leon and Luis Mucharraz had hired and were represented by attorney Felix Valenzuela.

9. Plaintiffs requested the issuance of summons for Luis Mucharraz and Leon Mucharraz on July 11, 2024 and it was issued on the same day. *Dkt. 27 and 28*.

10. Also on July 11, 2024 Counsel for Plaintiff faxed waivers of service to attorney Valenzuela and asked if he was representing Leon and Luis Mucharraz.

11. On July 12, 2024, Counsel for Plaintiff hired a process server to serve Leon Mucharraz and Luis Mucharraz.

12. On July 24, 2024, counsel received an email from Mr. Valenzuela stating that he had not been retained by Leon or Luis Mucharraz and that he did not currently represent either.

13. On July 24, 2024, Plaintiff's Counsel again contacted Defendant's Counsel to ask if he could accept Waiver of Service since other counsel had not been retained but Counsel for Defendant informed Counsel for Plaintiff that he could not accept a waiver of service.

## ARGUMENT AND AUTHORITIES

14. Counsel for Plaintiff erroneously believed that service had been requested on the Defendants Leon and Luis Mucharraz after receipt of the Order granting the Second Motion for Leave.

15. Under Federal Rule of Civil Procedure 4(m) if a defendant is not served within 90 day after the complaint is filed the court must either dismiss the action without prejudice against that defendant or order that service be made within a specified time. *FRCP 4(m)*. *Duplechain v. Neustrom* 2017 U.S. Dist. LEXIS 178636, *8 (W.D. LA 2017).

16. Court is only required to extend the period of service if good cause is shown. However, even in the absence of good cause, the Court may, in its discretion, decide whether to dismiss without prejudice or extend the time for service. *Duplechain* at *9.

17. The facts of this case favor granting Plaintiffs additional time to serve the additional Defendants.

18. Leon and Luis Mucharraz have participated in the case to date as owners of the Defendant Mijelum. Additionally, both have had their depositions taken and were represented by Counsel for Mijelum at the depositions.

19. The facts and events regarding their potential liability are the same as those for Defendant Mijelum.

20. Finally, there will be no prejudice to Defendants Luis Mucharraz and Leon Mucharraz as the parties jointly sought, and the Court granted, an extension of the deadlines in this matter on the same day that the show cause was issued.

21. There will be no loss of evidence or increased difficulties in discovery if Plaintiff is allowed to serve Defendants Luis Mucharraz and Leon Mucharraz now.

22. In *Gray v. Killick Grp., LLC* the Court held that:

"Courts "enjoy[] broad discretion to grant or deny an extension, and the excusable neglect standard is intended and has proven to be quite elastic in its application." Salts v. Epps, 676 F.3d 468, 474 (5th Cir. 2012). Excusable neglect may be found where the relevant circumstances reveal inadvertent delay, mistake, or carelessness. Blake v. Peake, No. CIV.A. H-04-1068, 2008 U.S. Dist. LEXIS 97852, 2008 WL 5114655, at *2 (S.D. Tex. Dec. 3, 2008). Federal courts have a "strong preference for resolving disputes on the merits when possible, instead of determining the outcome solely on technical or procedural grounds." *Id*. at *3." *Gray v. Killick Grp., LLC* 2022 U.S. Dist. LEXIS 245461, 2022 WL 2068810 at *2 (S.D. TX 2022).

23. In this case Plaintiffs' counsel erroneously failed to request service, however there is no prejudice to the additional Defendants as they have been active participants in the case since the beginning, and the relevant deadlines in the case have been extended.

24. Plaintiffs' Counsel has made efforts to serve the Defendants since receiving notice of the show cause order.

25. Plaintiffs' process server is actively trying to serve the Defendants.

26. Plaintiffs ask for this Court to grant them leave to serve Defendants Luis Mucharraz and Leon Mucharraz by August 21, 2024.

27. Alternatively, Plaintiffs ask that the Court grant them leave to serve Defendants Luis Mucharraz and Leon Mucharraz by alternative means of either certified mail or by serving their counsel who represented them at their respective depositions.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court grant them leave to serve Defendants Leon Mucharraz and Luis Mucharraz by August 21, 2024, or in the alternative, leave to serve them by certified mail or by serving Defendant Mijelum's counsel of record, and for such other and further relief to which Plaintiffs may be justly entitled at law or in equity.

**Respectfully Submitted,**

*/s/ Alan Braun*
**Adam Poncio**
**State Bar No. 16109800**
**aponcio@ponciolaw.com**
**Alan Braun**
**State Bar No. 24054488**
**abraun@ponciolaw.com**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Rd., Suite 109**
**San Antonio, Texas  78229**
**Telephone: (210) 212-7979**
**Facsimile:   (210) 212-5880**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to all counsel of record on this the 31st day of July, 2024 as follows:

JOE A. SPENCER JR., ESQ.
Joe A. Spencer
1009 Montana Ave.
El Paso, Texas 79902
Telephone: (915)532-5562
Facsimile: (915)532-7535
joe@joespencerlaw.com

                */s/ Alan Braun*
                **ALAN BRAUN**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| AURELIO TARAZONA CARVAJAL, EDUAR HURTADO GARCIA, ELKIN HUMBERTO GÓMEZ PINTO, FREDY ALEXANDER HERRERA PICO, JAIRO ANDRÉS ARDILA PEÑA, JORGE ELIECER DIAZ GALVIS, WILSON FABIAN PEÑA CASTILLO, JUAN DAVID GARCÍA RODRIGUEZ<br>*Plaintiffs*<br><br>v.<br><br>MIJELUM, L.L.C. | Civil Action No. _3:23-cv-245 RFC |

**VERIFICATION OF ALAN BRAUN**

STATE OF TEXAS §
COUNTY OF BEXAR §

BEFORE ME, the undersigned authority, personally appeared ALAN BRAUN who, upon being by me duly sworn, deposes and states:

"My name is ALAN BRAUN. I am over twenty one (21) years of age, am competent to make this affidavit and have personal knowledge that the facts set out in the Plaintiffs' Response to Show Cause Order and Motion for Leave are true and correct."

"Further affiant sayeth not."

_____
ALAN BRAUN

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned notary public, this 31st day of July, 2024

TERESA S CANTERA
Notary ID #131712306
My Commission Expires
September 6, 2026

Notary Public, State of Texas