**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **AURELIO TARAZONA CARVAJAL,** | § | |
| **EDUAR HURTADO GARCIA, ELKIN** | § | |
| **HUMBERTO GÓMEZ PINTO, FREDY** | § | |
| **ALEXANDER HERRERA PICO, JAIRO** | § | |
| **ANDRÉS ARDILA PEÑA, JORGE** | § | |
| **ELIECER DIAZ GALVIS, WILSON** | § | |
| **FABIAN PEÑA CASTILLO, JUAN** | § | **EP-23-CV-00245-RFC** |
| **DAVID GARCÍA RODRIGUEZ,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MIJELUM, L.L.C.,** | § | |
| *Defendant*. | § | |

**ORDER**

On this day, the Court considered Plaintiffs' "Response to Show Cause Order and Motion for Leave" (ECF No. 29) and Plaintiffs' "Motion for Leave to Effect Alternate Service on Defendants" (ECF No. 30). For the following reasons, Plaintiffs' motions are both **GRANTED**.

**I.      BACKGROUND**

Plaintiffs are former employees of Defendant Mijelum, L.L.C. Pls.' First Am. Compl. ¶ 24, ECF No. 22. They originally filed suit against Mijelum on June 27, 2023, for failure to pay overtime as required by the Federal Labor Standards Act ("FLSA"). *See* Pls.' Original Compl., ECF No. 1. On March 28, 2024, the Court granted Plaintiffs' Second Motion for Leave to File Plaintiffs' First Amended Complaint (ECF No. 20). *See* Mem. Op. & Order, ECF No. 21. Plaintiffs' First Amended Complaint was filed on the same day. The First Amended Complaint added claims against two individual defendants, Luis Mucharraz and Leon Mucharraz ("Individual Defendants"), who are corporate officers of Mijelum. Pls.' First Am. Compl. ¶ 22. Plaintiffs did

not serve the Individual Defendants within 90 days, as required by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4(m).  On July 3, 2024, the Court issued an order to Plaintiffs to show cause as to why they had not served the Individual Defendants.  *See* Order, ECF No. 25.  On the same day, the Court granted the parties' joint motion to extend the scheduling order deadlines. *See* Third Am. Scheduling Order, ECF No. 26.

## II.      DISCUSSION

### A.  Motion for Leave

Plaintiffs explained that they "erroneously believed that service had been requested on the [Individual Defendants] after receipt of the Order granting the Second Motion for Leave."  Pls.' Resp. Show Cause Order & Mot. Leave ¶ 14, ECF No. 29.  Plaintiffs argue that "[t]he facts of this case favor granting Plaintiffs additional time to serve the [Individual] Defendants." *Id.* ¶ 17.  They state that the Individual Defendants have been participating in the case as the owners of Mijelum and have both had their depositions taken.  *Id.* ¶ 18.  Plaintiffs assert that there will be no prejudice to the Individual Defendants because the Court has issued an order granting an extension of the deadlines in this case.  *Id.* ¶ 20.

The Federal Rules of Civil Procedure provide that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  The Rules add that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*  "[S]imple inadvertence or mistake of counsel" usually is not enough to establish good cause.  *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008). But "even if good cause is lacking, the court has discretionary power to extend time for service." *Id.*; *see also Thompson v. Brown*, 91 F.3d 20, 21(5th Cir. 1996) ("If good cause does not exist, the

court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service."). "The Fifth Circuit directs that where the applicable statute of limitations likely bars future litigation the Court should allow additional time to effect service, unless there is 'a clear record of delay or contumacious conduct by the plaintiff . . . .'" *Alvarez v. Geo Grp., Inc.*, No. SA-09-CV-0299 OG(NN), 2010 WL 2365350, at *1 (W.D. Tex. June 8, 2010) (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)).

Plaintiffs' initial error in failing to serve the Individual Defendants would not qualify as good cause to extend the period of time for service. However, the Court will use its discretion to extend the time period. Plaintiffs have demonstrated that they have been diligently attempting to serve the Individual Defendants. They asked Joe Spencer, counsel for Mijelum, if he could accept waiver of service. Pl.'s Resp. Show Cause Order & Mot. Leave ¶ 8, ECF No. 29. Mr. Spencer responded that he did not represent the Individual Defendants and believed another attorney, Felix Valenzuela, did. *Id.* Plaintiffs reached out to Mr. Valenzuela about waiving service, but Mr. Valenzuela responded that he did not represent either of the Individual Defendants. *Id.* ¶¶ 10, 12. Plaintiffs have also hired a process server, Christian Gonzalez, who has attempted to serve the Individual Defendants multiple times at their home addresses. *See* Gonzalez Aff., ECF No. 30-1; Gonzalez Aff., ECF No. 30-2. Further, as Plaintiffs point out, the Court has issued an amended scheduling order that extends the deadlines for alternative dispute resolution, discovery, and dispositive motions, as well as reschedules the trial date. Additionally, some of Plaintiffs' claims from 2021 may be barred by the statute of limitations if their claims against the Individual Defendants are dismissed.[1] For these reasons, the Court concludes that granting an extension of time to allow Plaintiffs to serve the Individual Defendants is reasonable.

---

[1] The statute of limitations for actions under the FLSA is two years, unless the FLSA violation was "willful," in which case the statute of limitations is three years. 29 U.S.C. § 255(a).

**B. Motion for Alternate Service**

Plaintiffs also request that they be allowed to carry out substituted service on the Individual Defendants. Federal Rule of Civil Procedure 4(e) permits service on an individual in accordance with the law of "the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106(a) permits service either by: "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a). Alternatively, a plaintiff may seek substituted service by:

> [a] motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful.

Tex. R. Civ. P. 106(b).

Substituted service may be made "by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement" or in "any other manner . . . that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." *Id.* Substituted service can only be authorized if "the record . . . affirmatively show[s] strict compliance with the statute authorizing such service." *Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 758 (Tex. App. 1986). Thus, there must be "evidence of probative value that the location stated in the affidavit is the defendant's . . . usual place of abode" before a court can authorize substitute service under Rule 106(b). *Id.* at 759.

The affidavit provided by Gonzalez shows that he attempted to serve Leon Mucharraz at 1205 W. Del Rio, Alpine, TX 79703, on Friday, July 26 at 3:13 p.m.; Saturday, July 27 at 9:24

4

a.m.; Tuesday, August 6 at 12:35 p.m.; and Thursday, August 8 at 6:35 p.m.  Gonzalez Aff. 1–2, ECF No. 30-1.  He also spoke to Leon Mucharraz's wife, who confirmed that he lived at that address.  *Id.* at 1.  He spoke to Leon Mucharraz's daughter multiple times over the phone.  *Id.* at 1–2.  On top of that, Gonzalez states that he performed a skip trace, and the 1205 W. Del Rio address came up as Leon Mucharraz's home address.  *Id.* at 1.  It is clear from the affidavit that the 1205 W. Del Rio address is a place where Leon Mucharraz can probably be found and that service has been attempted under Texas Rule of Civil Procedure 106(a)(1) multiple times.

The second affidavit by Gonzalez shows that he attempted to serve Luis Mucharraz at 506 W. Marfa, Alpine, TX 79830, on Friday, July 26 at 6:05 p.m.; Saturday, July 27 at 12:05 p.m.; Tuesday, August 6 at 3:35 p.m.; and Wednesday, August 8 at 5:05 a.m.  Gonzalez Aff. 1–2, ECF No. 30-2.  Gonzalez spoke with Luis Mucharraz's next-door neighbor, who confirmed that Luis Mucharraz lived at that address.  *Id.*  Gonzalez also confirmed that the 2015 Chevy Silverado parked outside of the address is registered to Luis Mucharraz.  *Id.* at 2.  Gonzalez performed another skip trace and confirmed that the 506 W. Marfa address was Luis Mucharraz's home address.  *Id.* at 1.  Thus, it is also clear from this affidavit that the 506 W. Marfa address is a place where Luis Mucharraz can probably be found and that service has been attempted under Texas Rule of Civil Procedure 106(a)(1) multiple times.

Plaintiffs request that substitute service be made either via email on Mr. Spencer or leaving a copy of the citation and complaint anyone older than sixteen at the Individual Defendants' addresses, or via both methods.  Pls.' Mot. Leave Effect Alternate Service Defs. ¶ 20, ECF No. 30.  Substitute service requires "a showing that the person upon whom substituted service is requested is a proper representative so that the substituted service requested will be 'reasonably effective' to notify the named defendant."  *Furst v. Smith*, 176 S.W.3d 864, 871 (Tex. App. 2005).  Plaintiffs

have already spoken to Mr. Spencer, who has informed them that he does not represent the Individual Defendants.  Therefore, the Court cannot conclude that emailing a copy of the complaint and citation to Mr. Spencer would be reasonably effective to notify the Individual Defendants of the suit.  Instead, the Court will authorize Plaintiffs to either leave a copy of the citation, complaint, and this order with anyone older than sixteen at the Individual Defendants' abode, or to affix the citation, complaint and this order to the front door of the residence.[2]

### III.    CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiffs' Response to Show Cause Order and Motion for Leave (ECF No. 29) is **GRANTED**.  Plaintiffs' Motion for Leave to Effect Alternate Service on Defendants (ECF No. 30) is also **GRANTED**.

It is **FURTHER ORDERED** that Plaintiffs have until September 16, 2024, to serve Leon Mucharraz and Luis Mucarraz with Plaintiffs' First Amended Complaint.

Plaintiff is **HEREBY AUTHORIZED** to serve process on Defendant Leon Mucharraz by leaving a copy of the summons, the operative complaint, and this signed order with anyone over the age of sixteen at 1205 W. Del Rio, Alpine TX 79703 or affixing a copy of the summons, the operative complaint, and this signed order to the front door of 1205 W. Del Rio, Alpine TX 79703.

Plaintiff is **HEREBY AUTHORIZED** to serve process on Defendant Luis Mucharraz by leaving a copy of the summons, the operative complaint, and this signed order with anyone over the age of sixteen at 506 W. Marfa, Alpine, TX 79830 or affixing a copy of the summons, the operative complaint, and this signed order to the front door of 506 W. Marfa, Alpine, TX 79830.

Plaintiffs are **HEREBY ADVISED** that no further extension of time to serve Leon

---

[2] "Where personal service has been unsuccessful, a typical course is to post the summons and copy of the complaint to the front door or gate of the property itself . . ., as it is readily apparent the occupant of the property will see the posted summons and copy of the complaint."  *Cairns v. Lakeview Shopping Plaza, Inc.*, No. 4:22-CV-834-SDJ-KPJ, 2023 WL 3646063, at *3 (E.D. Tex. May 25, 2023).

Mucharraz and Luis Mucharraz will be granted.

**SIGNED** this 20th day of August, 2024.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**