**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **AURELIO TARAZONA CARVAJAL, EDUAR HURTADO GARCIA, ELKIN HUMBERTO GÓMEZ PINTO, FREDY ALEXANDER HERRERA PICO, JAIRO ANDRÉS ARDILA PEÑA, JORGE ELIECER DIAZ GALVIS, WILSON FABIAN PEÑA CASTILLO, JUAN DAVID GARCÍA RODRIGUEZ,** *Plaintiffs*, <br><br> **v.** <br><br> **MIJELUM, L.L.C., LUIS MUCHARRAZ, and LEON MUCHARRAZ,** *Defendants*. | § § § § § § § § § § § § § § § § § | **EP-23-CV-00245-RFC** |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court are Defendants Luis Mucharraz and Leon Mucharraz's ("Mucharraz Defendants") "Motion to Dismiss" (ECF No. 35) and "Conditional Motion for Extension of Deadlines" (ECF No. 36), filed on December 11, 2024, as well as the parties' "Joint Motion to Abate Scheduling Order Pending Resolution of Motions Before the Court" (ECF No. 41), filed on January 27, 2025. For the reasons set forth below, the Court **GRANTS** the Motion to Dismiss, **DENIES** the Conditional Motion for Extension of Deadlines, and **DENIES** the Joint Motion to Abate Scheduling Order.

## I.    BACKGROUND

Plaintiffs filed suit under the Fair Labor Standards Act ("FLSA"), alleging that the defendants in this case did not pay them overtime as required under the FLSA. Pls.' First Am. Compl. ¶¶ 16–21, ECF No. 22. Plaintiffs state that they were highway maintenance workers who worked for Defendant Mijelum, L.L.C. in 2021 and 2022. *Id.* ¶ 17. They allege that they were

paid a flat weekly rate of $600, despite working 14-hour days, six or seven days per week.  *Id.* ¶¶ 18–19.

Plaintiffs first filed suit solely against Mijelum, L.L.C. on June 27, 2023.  *See* Pls.' Original Compl, ECF No. 1.  On February 2, 2024, Plaintiffs moved for leave to file their first amended complaint, adding the Mucharraz Defendants to the case.  *See* Pls.' Mot. Leave File Pls.' First Am. Compl., ECF No. 18.  The Court denied this first request, as the deadline for joinder had passed. *See* Order Den. Pls.' Mot. Leave File Pls.' First Am. Compl., ECF No. 19.  Plaintiffs refiled their motion, this time showing good cause for an extension of the joinder deadline.  *See* Pls.' Second Mot. Leave File Pls.' First Am. Compl., ECF No. 20.  The Court granted this second request.  *See* Mem. Op. & Order, ECF No. 21.  Plaintiffs' first amended complaint was filed on March 28, 2024. *See* Pls.' First Am. Compl., ECF No. 22.

On December 11, 2024, the Mucharraz Defendants filed the present motion to dismiss.  *See* Mot. Dismiss, ECF No. 35.  They also filed a conditional motion for extension of deadlines in the case, requesting that, if their motion to dismiss be denied, the current scheduling deadlines in effect be extended.  *See* Conditional Mot. Extension Deadlines, ECF No. 36.

## II.    STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint when a defendant shows that the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  On a Rule 12(b)(6) motion, a "court accepts all well-pleaded facts as true and must consider those facts in the light most favorable to the plaintiff."  *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018).  But the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint states a "plausible claim for relief" when the factual allegations contained in it allow the court to infer actual misconduct by the defendant, not a "mere possibility of misconduct." *Id.* at 679. The complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

## III.     DISCUSSION

To begin, the Court notes that in their response, Plaintiffs refer to the Mucharraz Defendants' depositions as evidence in support of their position. *See, e.g.*, Pls.' Resp. Defs. Luis Mucharraz & Leon Mucharraz's Mot. Dismiss ¶¶ 6–11, 43 [hereinafter Resp.], ECF No. 39. In ruling on a 12(b)(6) motion to dismiss, a court "may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation omitted). The Mucharraz Defendants' depositions do not fall into any of these categories. Therefore, the Court will not consider any evidence taken from these depositions in making its determination.

The Court now turns to the substance of the Individual Defendants' motion to dismiss.

### A. Whether Plaintiffs Sufficiently Pled that the Mucharraz Defendants Were Their Employers

The Mucharraz Defendants argue that Plaintiffs have not established that the Mucharraz Defendants are "employers" under the FLSA or that there was an employer-employee relationship

between the Individual Defendants and Plaintiffs.  Mot. Dismiss 13–16, 17–18.  They argue that "[a] plaintiff must allege sufficient factual content to show that the individual exercised operational control over significant aspects of the business's employment relationship" and "[c]onclusory assertions of general control are insufficient."  *Id.* at 14.  They assert that Plaintiffs did not specify that the Individual Defendants had any hiring or firing authority, supervision or control over work schedules, control over wage or payment decisions, or recordkeeping responsibilities.  *Id.* at 14–15.

Plaintiffs claim that they have pled enough to show that the Mucharraz Defendants were employers.  Resp. ¶¶ 39–44.  However, most of the evidence that Plaintiffs refer to is from the Mucharraz Defendants' depositions.  *See id.* ¶ 43.  The statements that Plaintiffs make in their amended complaint will be addressed below.

The FLSA provides that "[a]ny employer" who fails to pay overtime as required under the Act "shall be liable to the employee or employee affected in the amount of . . . their unpaid overtime compensation."  29 U.S.C. § 216(b).  In an action for unpaid overtime, a plaintiff must show "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due."  *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

"The remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications."  *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (citation omitted).  "An employer includes any person acting directly or indirectly in the interest of an employer in relation to an employee."  *Gray v. Powers*,

673 F.3d 352, 354 (5th Cir. 2012) (cleaned up).  The test for whether an individual or an entity is an employer is whether the alleged employer:

> (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

*Id.* at 355 (citation omitted).  This is known as the "economic reality" or "economic realities" test. *Id.*  "In cases where there may be more than one employer, th[e] court 'must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test.'"  *Id.* (citation omitted).  However, "each element need not be present in every case."  *Id.* at 357.  And the presence of only one element may be enough to defeat a 12(b)(6) motion to dismiss.  *See, e.g.*, *Rosales v. Indus. Sales & Servs., LLC*, No. 6:20-CV-00030, 2021 WL 5865706, at *3 (S.D. Tex. Dec. 10, 2021) (concluding that the allegation that the defendant personally fired the plaintiff satisfies the first element of the economic realities test and "is enough to survive the pleading standard of Rule 12(b)(6)").

In the complaint, Plaintiffs restate the economic realities test and then claim that the Mucharraz Defendants "fall under this definition of 'employer' under the FLSA and are subject to liability under the Act."  Pls.' First Am. Compl. ¶¶ 37–38.  This is a conclusory or legal allegation. Plaintiffs also state that the Mucharraz Defendants "were individual corporate officers who were responsible for determining the rate and method of compensation of Plaintiffs, which were improper in this case, and are therefore liable as employers."  *Id.* ¶ 22.  However, this simply restates one of the elements of the economic realities test and does not provide any specific factual allegations.  Another court concluded that a statement that the defendant determined the plaintiffs' rate and method of payment and controlled their working conditions was a conclusory allegation and that, without more, there was no claim against the defendant as an employer.  *Joaquin v.*

*Coliseum Inc.*, No. A-15-CV-787-LY, 2016 WL 3906820, at *4 (W.D. Tex. July 13, 2016), *report and recommendation approved sub nom. Joaquin v. Hinojosa*, 2016 WL 7647630 (W.D. Tex. Aug. 2, 2016).    Additionally, Plaintiffs never even explained in their amended complaint what Defendants' relationship is to Mijelum or Plaintiffs.  The lack of factual allegations in the amended complaint means that Plaintiffs have not plausibly established that the Mucharraz Defendants were their employers.

### B.  Whether Plaintiffs Sufficiently Alleged Covered Activities Under the FLSA

The Court finds Plaintiffs' amended complaint deficient in other areas, as well.  The Mucharraz Defendants argue that the amended complaint does not provide any factual allegations to show that Plaintiffs were engaging in activities covered by the FLSA.  Mot. Dismiss 18.  The Mucharraz Defendants point out that Plaintiffs do not "describe the nature of their work, how it relates to interstate commerce, or whether Mijelum, L.L.C., or the [Mucharraz] Defendants met the definition of an enterprise engaged in commerce." *Id.*  The Court agrees.

"The FLSA guarantees overtime pay to employees engaged 'in the production of goods for commerce' ('individual coverage') *or* 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (quoting 29 U.S.C. § 207(a)(1)).  "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Id.*  "To survive defendants' motion to dismiss, [the plaintiff] must allege facts that show coverage under FLSA."  *Morrow v. J.W. Elec., Inc.*, No. 3:11–CV–1988–D, 2011 WL 5599051, at *2 (N.D. Tex. Nov. 16, 2011); *see also Lindgren v. Spears*, No. H–10–1929, 2010 WL 5437270, at *2 (S.D. Tex. Dec. 27, 2010) (stating that coverage under the FLSA should be considered an element of the cause of action and should be analyzed under 12(b)(6)).

Plaintiffs state:

> At all times hereinafter mentioned, Defendant Mijelum has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).
>
> At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

Pl.'s First Am. Compl. ¶¶ 32–33.  These are legal conclusions.  Plaintiffs' only statement about their actual work is that they are highway maintenance workers.  *Id.* ¶ 17.  Plaintiffs do not provide any details about what their job duties were or what type of business Mijelum even is.

In *Morrow*, the court held that the plaintiff did not plead enough to survive a 12(b)(6) motion when the plaintiff "merely recite[d] the statutory elements of FLSA coverage."  *Morrow*, 2011 WL 5599051, at *3.  The plaintiff described what his work was but did not explain "how that work engages him in interstate commerce."  *Id.*  The plaintiff also did not sufficiently plead enterprise coverage, because he only made allegations "that defendants 'had employees engaged in commerce or in the production of goods for commerce'" without any factual support.  *Id.*

Similarly, in *Lindgren*, the court granted the defendant's 12(b)(6) motion when the plaintiff did nothing but "repeat the statutory elements of coverage," concluding that there were "no factual allegations that would permit this court to find that the elements of FLSA coverage are properly pleaded."  2010 WL 5437270, at *3.

Here, Plaintiffs have provided nothing but repeat the statutory elements of coverage under the FLSA with no facts to establish either individual coverage or enterprise coverage under the FLSA.  Thus, the Court concludes that the Mucharraz Defendants' motion to dismiss should also

be granted on these grounds.  Because the Court is granting the Mucharraz Defendants' motion to dismiss for the above-stated reasons, the Court will not reach the Mucharraz Defendants' other arguments in their motion.

### C.  Whether the Court Should Grant Plaintiffs Leave to Amend

Plaintiffs request leave to amend their complaint "to add any additional factual statements." Pls.' Resp. Defs. Luis Mucharraz & Leon Mucharraz's Mot. Dismiss ¶ 42.  The Federal Rules of Civil Procedure allow a party to amend its pleading with leave of the court and states that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, in a case where the deadline for amending pleadings has passed, Federal Rule of Civil Procedure 16 also governs.  *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003); *see also Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021) (applying the Rule 16(b) standard in a case where the defendants' motions to dismiss had been granted and the plaintiff subsequently requested leave to file an amended complaint after the deadline to do so had passed).  Rule 16 provides that a scheduling order "may be modified only for good cause."  Fed. R. Civ. P. 16(b)(4).  This requires consideration of "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice."  *S&W Enters.*, 315 F.3d at 536 (citation omitted).  Trial courts have "broad discretion to preserve the integrity and purpose of the pretrial order."  *Id.* at 535 (citation omitted).

The deadline to amend pleadings in this case was December 27, 2023.  Am. Scheduling Order 1, ECF No. 10.  There is not good cause to permit another amendment of Plaintiffs' complaint.  Plaintiffs could have sought leave to amend their complaint earlier with additional

factual allegations but chose not to.[1]  Although this amendment is important because it would allow Plaintiffs to keep the Mucharraz Defendants in the case, Plaintiffs still will be able to assert their claim against Defendant Mijelum.  Further, allowing Plaintiffs to amend their complaint now, after the close of discovery and close to the deadline for dispositive motions, would prejudice the Mucharraz Defendants.  The Court could grant a continuance to cure such prejudice, but such a continuance would have to be extensive, and, with the trial date set in May, a lengthy continuance is not available.

### D. Extension of Scheduling Order Deadlines

Two motions for modification of scheduling order deadlines are currently pending before the Court: the Mucharraz Defendants' Conditional Motion for Extension of Deadlines and the parties' Joint Motion to Abate Scheduling Order Pending Resolution of Motions Before the Court. With this order, the Court resolves the pending motion to dismiss.  Therefore, the Court will deny the motion to abate the scheduling order.  Additionally, because the Court is granting the Mucharraz Defendants' motion to dismiss, the Court will deny their conditional motion to extend the scheduling deadlines.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants Luis Mucharraz and Leon Mucharraz's Motion to Dismiss (ECF No. 35) is **GRANTED**.  Accordingly, it is hereby **ORDERED** that Plaintiffs' claims against Defendants Luis Mucharraz and Leon Mucharraz are **DISMISSED** without leave to amend.

---

[1] In their response to the Mucharraz Defendants' motion to dismiss, Plaintiffs base their factual allegations on the Mucharraz Defendants' depositions, which were taken on March 5, 2024.  *See* Resp. Ex. 1, ECF No. 39-1; Resp. Ex. 2, ECF No. 39-2.

**IT IS FURTHER ORDERED** that Defendants Luis Mucharraz and Leon Mucharraz's Conditional Motion for Extension of Deadlines (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that the Parties' Joint Motion to Abate Scheduling Order Pending Resolution of Motions Before the Court (ECF No. 41) is **DENIED**.

Signed this 24th day of February, 2025.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**