IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| AURELIO TARAZONA CARVAJAL, | § | |
| EDUAR HURTADO GARCIA, | § | |
| ELKIN HUMBERTO GÓMEZ PINTO, | § | |
| FREDY ALEXANDER HERRERA | § | |
| PICO, JAIRO ANDRÉS ARDILA | § | |
| PEÑA, JORGE ELIECER DIAZ | § | |
| GALVIS, WILSON FABIAN PEÑA | § | Civil Action No. EP-23-CV-00245 |
| CASTILLO, JUAN DAVID GARCÍA | § | |
| RODRIGUEZ | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| MIJELUM, L.L.C. | § | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant, Mijelum, L.L.C., and moves the Court to sign a summary judgment under Federal Rules of Civil Procedure 56, on all claims brought by Plaintiffs in the above-captioned cause, and would show the following:

**FACTUAL AND PROCEDURAL BACKROUND**

The Mucharraz Defendants were dismissed from the case on February 24, 2025. As a result, Mijelum, L.L.C. remains the sole defendant in this matter. This motion for summary judgment is filed on behalf of Mijelum, L.L.C. only.

Plaintiffs filed this action on June 27, 2023, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., against Mijelum, L.L.C. ("Defendant"). Plaintiffs alleged that Defendant misclassified them as independent contractors and failed to pay them overtime wages as required under the FLSA.

1

On March 28, 2024, Plaintiffs filed their First Amended Complaint, adding Luis Mucharraz and Leon Mucharraz as individual defendants. Plaintiffs contended that the Mucharraz Defendants exercised control over employment conditions and should be held personally liable under the FLSA.

On December 11, 2024, the Mucharraz Defendants moved to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs failed to plead sufficient facts to establish that they were "employers" under the economic realities test. The Court granted the Motion to Dismiss on February 24, 2025, dismissing Luis and Leon Mucharraz from the case and leaving Mijelum, L.L.C. as the sole remaining defendant. Discovery proceeded, to include the depositions of the Mucharraz Defendants. Plaintiffs failed to produce sufficient evidence establishing their status, the alleged unpaid wages, or any willful violation of the FLSA. Instead, the evidence overwhelmingly demonstrated that Plaintiffs were properly classified and that Defendant acted in good faith.

Now, Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56, as there is no genuine dispute as to any material fact regarding Plaintiffs' claims. Plaintiffs cannot meet their burden of proof under the FLSA, and Defendant is entitled to judgment as a matter of law.

**I. Legal Standards Under the Fair Labor Standards Act (FLSA) in the Fifth Circuit**

Statute of Limitations Defense: Under the Fair Labor Standards Act (FLSA), claims for unpaid wages are subject to a two-year statute of limitations, unless a willful violation is proven, in which case the period extends to three years. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). Plaintiffs have failed to demonstrate any willful violation by Mijelum, L.L.C., and thus, any claims preceding two years from the date of filing are time-barred. *See Halferty v.*

*Pulse Drug Co., Inc.*, 821 F.2d 261, 271 (5th Cir. 1987) (holding that FLSA claims accrue when wages are unpaid).

The Fair Labor Standards Act (FLSA) establishes critical guidelines for determining employment relationships and addressing violations. Within the jurisdiction of the Fifth Circuit, recent case law provides clarity on two pivotal aspects: the criteria distinguishing employees from independent contractors and the definition of willful violations under the Act.

## II. Willful Violations Under the FLSA

The FLSA prescribes a standard two-year statute of limitations for claims pertaining to unpaid wages or overtime compensation. This period extends to three years if the plaintiff can demonstrate that the employer's violation was "willful." To establish willfulness, the employer must have either known or shown reckless disregard for whether its conduct was prohibited by the FLSA. Mere negligence or unintentional violations do not meet this threshold.

In *Alvarez v. NES Global LLC*, 709 F.Supp.3d 284, 300 (S.D. Tex. 2023), the Fifth Circuit reiterated that a willful violation requires evidence that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. The court emphasized that unreasonableness or negligence does not equate to willfulness. *Id*.

Furthermore, in *Alvarez*, the court underscored that the burden of demonstrating willfulness lies with the plaintiff. *Id*. The plaintiff must provide evidence that the employer intentionally violated or recklessly disregarded the FLSA's provisions. Absent such evidence, claims are subject to the standard two-year statute of limitations.

Plaintiffs' repeated litigation missteps, including missing deadlines and failing to produce substantive evidence, further support dismissal. Courts disfavor allowing cases to proceed where Plaintiffs have failed to diligently prosecute their claims. *See Geiserman v. MacDonald*, 893 F.2d

787, 792 (5th Cir. 1990) (affirming dismissal due to failure to meet deadlines and procedural missteps).

This motion for summary judgment is brought pursuant to Federal Rule of Civil Procedure 56, as there exists no genuine dispute as to any material fact, and Mijelum, L.L.C. ("Defendant") is entitled to judgment as a matter of law.

Summary judgment in favor of Defendant is warranted for three primary reasons:

1. **There Is No Evidence of an FLSA-Covered Employment Relationship.** To be covered under the FLSA, Plaintiffs must demonstrate enterprise coverage or individual coverage, meaning they were engaged in or substantially affected interstate commerce. Plaintiffs provide no competent evidence to meet this threshold, and without FLSA coverage, their claims fail as a matter of law.

2. **Plaintiffs Fail to Prove a Willful Violation of the FLSA.** The FLSA provides a **two-year statute of limitations** for claims unless Plaintiffs can show that Defendant acted **willfully**, in which case a three-year statute applies. However, to establish willfulness, Plaintiffs must prove that Defendant knowingly or recklessly disregarded the FLSA's requirements. The record demonstrates that Defendant **acted in good faith**, never received prior warnings of non-compliance. Thus, Plaintiffs' claims are limited by the two-year statute of limitations. Additionally, under *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), Plaintiffs bear the burden of proving the amount and extent of unpaid wages. Here, Plaintiffs have not provided sufficient records of hours worked or evidence of unpaid wages. Their claims rely on conclusory assertions rather than factual proof. *See Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir.

2014) (affirming summary judgment where plaintiff failed to provide specific evidence of overtime violations).

3. **Plaintiffs Cannot Satisfy Their Burden of Proof for Unpaid Wages.** Under *Anderson v. Mt. Clemens Pottery Co.*, Plaintiffs must present **sufficient evidence** showing the amount and extent of their unpaid wages "as a matter of just and reasonable inference." Plaintiffs fail to provide records of hours worked, corroborating witness testimony, or any documentary support for their claims. Moreover, Defendant's payroll records and deposition testimony contradict Plaintiffs' allegations. Without sufficient evidence, their claims cannot survive summary judgment.

Because Plaintiffs fail to establish the essential elements of their FLSA claims, and because Defendant has presented undisputed evidence refuting their allegations, summary judgment is appropriate. Defendant respectfully requests that the Court grant this motion and dismiss Plaintiffs' claims in their entirety.

## CONCLUSION

For the foregoing reasons, Defendant Mijelum, L.L.C. respectfully requests that the Court grant summary judgment in its favor and dismiss all of Plaintiffs' claims with prejudice. Plaintiffs were not engaged in FLSA-covered activities and that they failed to present any credible evidence of unpaid wages. Furthermore, Plaintiffs have not established that Mijelum acted willfully or in reckless disregard of the FLSA.

Because no genuine dispute of material fact exists, Defendant is entitled to judgment as a matter of law. Accordingly, Defendant respectfully requests that the Court enter summary judgment in its favor and dismiss this case in its entirety.

Respectfully submitted,

***/s/ Joe A. Spencer***
Joe A. Spencer Jr., Esq.
State Bar No. 18921800
Attorney & Counselor at Law
1009 Montana Ave.
El Paso, TX 79902
Telephone: (915) 532-5562
Facsimile: (915) 532-7535
Joe@joespencerlaw.com

***Attorney for Defendant, Mijelum, L.L.C.***

# CERTIFICIATE OF SERVICE

I certify that on this 25th day of February, 2025, I have filed and served the foregoing document using the CM/ECF system to the following:

Alan Braun
Poncio Law Offices
5410 Fredericksburg Rd., Suite 109
San Antonio, Texas 78229
Attorney for Plaintiffs

***/s/ Joe A. Spencer***
Joe A. Spencer