## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **AURELIO TARAZONA CARVAJAL, EDUAR HURTADO GARCIA, ELKIN HUMBERTO GÓMEZ PINTO, FREDY ALEXANDER HERRERA PICO, JAIRO ANDRÉS ARDILA PEÑA, JORGE ELIECER DIAZ GALVIS, WILSON FABIAN PEÑA CASTILLO, JUAN DAVID GARCÍA RODRIGUEZ,** *Plaintiffs*, | § § § § § § § § § § | |
| **v.** | § § | **EP-23-CV-00245-RFC** |
| **MIJELUM, L.L.C.,** *Defendant*. | § § § | |

### ORDER ON PLAINTIFFS' MOTION TO RECONSIDER

Before the Court is "Plaintiffs' Motion to Reconsider Order on Motion to Quash," ECF No. 105 [hereinafter "Motion to Reconsider"], filed on October 15, 2025. For the reasons set forth below, the Motion to Reconsider is **GRANTED IN PART** and **DENIED IN PART**.

### I.     BACKGROUND

On October 8, 2025, Plaintiffs noticed Defendant of their intent to commence an oral deposition of Plaintiff Peña Castillo on October 15, 2025. *See* Mot. Quash/Protective Order Against Pls.' Oct. 8, 2025 Dep. Notice of Wilson Fabian Peña Castillo and Sanctions 10–12, ECF No. 94 [hereinafter "Motion to Quash"]. Defendant filed a Motion to Quash on October 12, 2025, requesting that the Court (1) quash Plaintiffs' Notice, (2) prohibit Plaintiffs from noticing or taking any deposition of Plaintiff Peña Castillo moving forward, (3) preclude the use of Plaintiff Peña Castillo's deposition testimony at trial, and (4) "award Mijelum its reasonable fees and expenses." *Id.* at 1–2. Shortly thereafter, on October 14, 2025, the Court issued an Order, ECF No. 100

[hereinafter "October 14 Order"], which granted Defendant's request to quash the Notice and prohibited Plaintiffs from conducting any further depositions of Plaintiff Peña Castillo or his co-Plaintiffs.  The Court declined to grant the motion as to fees, but stated Defendant could "renew the request at a later date." *Id.* at 2.

Plaintiffs filed their Motion to Reconsider on October 15, 2025, requesting that the Court "allow the Parties to take the deposition of [Plaintiff Peña Castillo] by zoom at a mutually agreed upon time and date" and "set aside its [October 14] Order."  Mot. Recons. at 5.

## II.     DISCUSSION

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision ... [that] does not end the action.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)).  Under the rule, a trial court may "reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."  *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)) (citing *McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011)).

**A.  Plaintiffs' request to allow the deposition of Plaintiff Peña Castillo is granted.**

On July 24, 2025, the Court issued an Order, ECF No. 81, which provided that the parties would be given an additional sixty days to conduct depositions.  Despite this, in its Motion to Quash, Defendant reported that Plaintiffs failed to depose Plaintiff Peña Castillo within the allotted timeframe.  Mot. Quash 5.  Due to the urgency surrounding Defendant's Motion to Quash, the Court was required to make a determination before Plaintiffs could submit a response.  *See* Oct. 14 Order.  Given the lack of consensus between the parties and Defendant's representations that the delay was largely attributable to Plaintiffs, *see* Mot. Quash 5; *see also* Defendant Mijelum,

L.L.C.'s Mot. Preclude Pls. Testifying at Trial and Bar Wilson Fabian Peña Castillo from Testifying in Any Form 7–8, ECF No. 95 (characterizing Plaintiff Peña Castillo's failure to appear as "deliberate" and "willful"), the Court ultimately prohibited Plaintiffs from conducting any further depositions of Plaintiff Peña Castillo, *see* Oct. 14 Order.

In light of new information and changed circumstances, the Court finds that this restriction is no longer warranted. Plaintiffs have shown that Plaintiff Peña Castillo's non-appearance was caused by a miscommunication between the Plaintiff and his counsel, rather than a deliberate attempt to circumvent the discovery process. Mot. Recons. 3–5. Exhibits included in their submissions further demonstrate that it was Defense counsel, and not Plaintiff, that requested that the deposition be scheduled after the expiration of the Court-provided deadline. Mot. Recons. 2–3; Mot. Recons. Ex. 3 at 2, ECF No. 105-3. Thus, the Court finds that Plaintiffs' inability to cure their mistake within the allotted time was in part caused by Defendant's unwillingness to appear on an earlier date. Further, during a status conference held on October 17, 2025, both parties agreed to reschedule the trial date to allow for Plaintiff Peña Castillo's deposition. Considering these developments, the Court finds that the grounds upon which it based its decision to prohibit the deposition have materially weakened.

Accordingly, the Court **GRANTS** Plaintiffs' Motion to Reconsider, as to their request that the Court allow the deposition of Plaintiff Peña Castillo. However, to prevent further delay, **IT IS ORDERED** that the deposition be conducted no later than October 31, 2025. The parties are **FURTHER ORDERED** to file and serve by designation any deposition testimony that they intend to offer into evidence, for all witnesses, on or before December 1, 2025.

**B. Plaintiffs' request that the Court order that the deposition be conducted over Zoom is denied.**

While the Court is willing to find that Plaintiff's deposition should be carried out, it is not satisfied that Plaintiffs should dictate the medium in which the deposition is conducted. Though accidental, the miscommunication between Plaintiff Peña Castillo and Plaintiffs' counsel resulted in considerable cost to Defendant.[1] Defendant must now either incur further travel expenses or forgo a face-to-face deposition. Because Defendant was not responsible for the miscommunication, the Court finds that principles of fairness require that Defendant be allowed to select the less burdensome of the two alternatives.

The Court thus **DENIES** Plaintiffs' request that parties be ordered to conduct the deposition over Zoom. Instead, the Court **ORDERS** that the method used to conduct Peña Castillo's deposition – whether in person or via video conference – be determined at Defendant's discretion.

**C. Plaintiffs' request to set aside the October 14 Order is denied.**

Plaintiffs further request that the Court set aside the entirety of its October 14 Order. Mot. Recons. 5. However, the Court does not find that the Plaintiffs have shown that each directive contained in the October 14 Order should be reversed. In the Order, the Court barred the parties from noticing and conducting further depositions of Plaintiff Peña Castillo's Co-Plaintiffs. Plaintiffs have not persuaded the Court to reverse this ruling. Further, given that the noticed date for the deposition has passed, challenges to the Court's decision to quash the Notice are moot.[2]

---

[1] Defendant is advised that the Court will consider whether to award Defendant reasonable costs and fees upon Defendant's filing of a motion that includes an itemized list of the costs incurred as a result of Plaintiff's failure to appear at the deposition.

[2] Moreover, even if the Court possessed the information it now has concerning scheduling delays, it would have nonetheless granted the request to quash the Notice. "A party who wants to depose a person by oral questions must give *reasonable written notice* to every other party." Fed. R. Civ. P. 30(b). Although the Fifth Circuit has not defined the parameters of "reasonable notice" with precision, courts within the Circuit have frequently held that reasonable notice requires at least a week of notice. *Gulf Prod. Co. v. Hoover Oilfield Supply, Inc.*, No. CIV.A. 08-5016, 2011 WL 891027, at *3 (E.D. La. Mar. 11, 2011) ("four

Without sufficient justification to disturb these remaining provisions, the Court declines to vacate the October 14 Order.

Accordingly, the Court **DENIES** Plaintiffs' request to set aside the October 14 Order.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Reconsider Order on Motion to Quash, ECF No. 105, is **GRANTED IN PART** and **DENIED IN PART**.


**SO ORDERED** and **SIGNED** this 22nd day of October, 2025.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

---

days [notice] is clearly unreasonable and contrary to Rule 45"); *Rickman v. Moore*, No. 7:16-CV-00025-O, 2016 WL 9559817, at *2 (N.D. Tex. Aug. 3, 2016) (collecting cases).  Thus, the Court finds that the Notice should have been quashed as failing to provide Defendant with reasonable notice, given that Plaintiffs provided Defendants with only four business days to prepare for the deposition and arrange for travel. *See* Mot. Quash at 10–12.