IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **AURELIO TARAZONA CARVAJAL, EDUAR HURTADO GARCIA, ELKIN HUMBERTO GÓMEZ PINTO, FREDY ALEXANDER HERRERA PICO, JAIRO ANDRÉS ARDILA PEÑA, JORGE ELIECER DIAZ GALVIS, WILSON FABIAN PEÑA CASTILLO, JUAN DAVID GARCÍA RODRIGUEZ,** *Plaintiffs,* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| | §<br>§ | **EP-23-CV-00245-RFC** |
| **v.** | §<br>§ | |
| **MIJELUM, L.L.C.,** *Defendant.* | §<br>§ | |

## ORDER ON DEFENDANT'S MOTION TO PRECLUDE

Before the Court is "Defendant Mijelum, L.L.C.'s Motion to Preclude Plaintiffs from Testifying at Trial and to Bar Wilson Fabian Peña Castillo from Testifying in Any Form," ECF No. 95 [hereinafter "Motion"], filed on October 12, 2025. For the reasons set forth below, the Motion is **DENIED**.

**A. Defendant's request that the Court preclude the deposed Plaintiffs from testifying at trial is denied.**

Defendant asks the Court to "preclude all Plaintiffs who testified by video deposition from appearing live at trial" and "confirm that the trial depositions are the exclusive record of Plaintiffs' testimony at trial." Mot. 8. Plaintiff argues such relief is necessary to avoid unfair prejudice and uphold the Order, ECF No. 81, issued by the Court on July 24, 2025. Mot. 8.

Defendant's argument that Plaintiffs must be barred from testifying in person to avoid unfair prejudice lacks any logical basis. The Court is unwilling to find that Defendant is prejudiced merely because Plaintiffs have expressed an intent to use depositions, a critical piece of the

discovery process, to prepare for trial. *See* Mot. 6. (arguing that "[i]f Plaintiffs now appear live, they will have the advantage of previewing the entire record, adjusting their answers, and re-framing their narrative for the jury").  Nor is the Court swayed by Defendant's position that the existence of a deposition record will "undermine the integrity of the trial."  Mot. 6–7.  Defendant is reminded that the use of deposition testimony is not only incredibly common in civil proceedings but also limited by the rules of evidence to preserve equity.  *See* Fed. R. Civ. P. 30.

Likewise, the Court finds no merit to Defendant's claims that the Court's July 24 Order could be fairly read to preclude Plaintiffs from testifying at trial. *See* Mot. 5–7.  In this Order, the Court denied Plaintiff's "Motion for Protective Order to Allow Remote Testimony," specifically emphasizing "the importance of presenting live testimony in court" and stating in plain terms that Plaintiffs should, if possible, testify during trial.   July 24 Order 1–2.   While the Court simultaneously granted Plaintiffs' request to preserve testimony via deposition, *id.* at 4, nothing in its ruling indicates that by taking depositions, Plaintiffs would forfeit their ability to testify at trial.

As such, the Court **DENIES** Defendant's request to preclude the deposed Plaintiffs from testifying at trial.

## B. Defendant's request that the Court bar Wilson Fabian Peña Castillo from testifying in any form is denied.

Defendant asks the Court to "bar Wilson Fabian Peña Castillo from testifying in any form due to his willful non-appearance and untimely re-notice."  Mot. 8.  While it is true that a court may impose sanctions where a party fails to attend its deposition, Fed. R. Civ. P. 37(d)(1)(A)(i), or otherwise impedes the deposition process, Fed. R. Civ. P. 30(d)(2), there is little support for Defendant's assertions that Plaintiff "willful[ly]" and "deliberat[ly]" missed the deposition.  Mot. 7–8.  Instead, exhibits submitted by Plaintiffs clearly demonstrate that Plaintiff Peña Castillo's absence was caused by a miscommunication between Plaintiff and his counsel.  *See* Mot. Recons.

3; Ex. 3 at 2.[1]    As such, the Court finds that prohibiting Plaintiff Peña Castillo from testifying would be an excessively harsh penalty.

The Court thus **DENIES** Defendant's request to preclude Plaintiff Peña Castillo from testifying.

Accordingly, Defendant Mijelum, L.L.C.'s Motion to Preclude Plaintiffs from Testifying at Trial and to Bar Wilson Fabian Peña Castillo from Testifying in Any Form, ECF No. 95, is **DENIED**.

**SO ORDERED** and **SIGNED** this 22nd day of October, 2025.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]    It appears that Defendant was aware of the circumstances of Plaintiff Peña Castillo's absence at the time it filed this Motion.  *See* Mot. Recons. Order Mot. Quash (Dkt. 100) 3, ECF No. 105 [hereinafter "Mot. Recons."]; Pls.' Mot. Recons. Ex. 3 at 2, ECF No. 105-3 [hereinafter Ex. 3].  Defendant is warned that, for future filings, mischaracterizations of fact will put it in a position to be sanctioned.  *See* Fed. R. Civ. P. 11(b)(3), (c)(1).