## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| AURELIO TARAZONA CARVAJAL, EDUAR HURTADO GARCIA, ELKIN HUMBERTO GÓMEZ PINTO, FREDY ALEXANDER HERRERA PICO, JAIRO ANDRÉS ARDILA PEÑA, JORGE ELIECER DIAZ GALVIS, WILSON FABIAN PEÑA CASTILLO, JUAN DAVID GARCÍA RODRIGUEZ, | § § § § § § § § | |
| *Plaintiffs,* | § § | EP-23-CV-00245-RFC |
| v. | § § | |
| MIJELUM, L.L.C., | § § | |
| *Defendant.* | § | |

## ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND PLAINTIFF ARDILA PEÑA'S MOTION TO AMEND HIS RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION

Before the Court is "Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint and to Include Plaintff [sic] Peña's Claim for Unpaid Overtime in 2021 in the Final Pre-trial Order" [hereinafter "Mot. Amend Compl."], ECF No. 106 and "Plaintiff Jairo Andres Ardila Peña's Motion to Amend Plaintiff's Response to Request for Admission" [hereinafter "Mot. Amend Admis."], ECF No. 107, filed on October 16, 2025. For the reasons set forth below, Plaintiffs' Motion to Amend the Complaint is **DENIED** and Plaintiff Ardila Peña's Motion to Amend the Admission is **GRANTED**.

## I.    BACKGROUND

Plaintiff Ardila Peña is one of eight plaintiffs (collectively, "Plaintiffs") who initiated this lawsuit against their putative employer, Defendant Mijelum, L.L.C., under the Fair Labor Standards Act on June 27, 2023. Compl., ECF 1. In their first Complaint, Plaintiffs claimed

unpaid overtime of $33,019.26 on behalf of Plaintiff Ardila Peña, for work he performed for Defendant from April 4, 2022, to September 23, 2022. *Id.* at 7. In the two and a half years of litigation that followed, Plaintiff Ardila Peña continued to re-affirm that his claims pertained to this range of dates in (1) two separate motions for leave to file an amended complaint, *see* Pls.' Mot. Leave File Pls.' 1st Amend. Compl. Ex. 1, at 8, ECF No. 18-1; Pls.' 2d Mot. Leave File Pls.' 1st Amend. Compl. Ex. 1, at 9, ECF No. 20-10; (2) an amended complaint, Pls.' 1st Amend. Compl. 8 [hereinafter "Amend. Compl."], ECF No. 22; and (3) his response to Defendant's Request for Admission No. 5, in which he answered affirmatively when asked whether to "[a]dmit or deny that in 2022, [he] worked in excess of 40 hours a week during [his] employment with Defendant," Mot. Amend Admis. Ex. 1, at 12, ECF No. 107-2.

Plaintiffs now assert that these dates were put forth in error. *See* Mot. Amend Compl. ¶ 1; Mot. Amend Admis. ¶ 6–8. Plaintiffs submit, and Defendant does not dispute, that Plaintiff Ardila Peña's allegations regarding unpaid overtime are actually connected to work he performed in 2021, rather than 2022. *See* Mot. Amend Compl. ¶ 1; Mot. Amend Admis. ¶ 6–8; Def.'s Resp. Mot. Amend Compl. 1 [hereinafter "Resp. Mot. Amend Compl."], ECF No. 115; Def.'s Resp. Mot. Amend Admis. 1, ECF No. 116 [hereinafter "Resp. Mot. Amend Admis."]. Plaintiffs admit that while the discovery they produced indicated that Plaintiff Ardila Peña did not work for Defendant in 2022, Mot. Amend Compl. ¶ 15, 18, counsel did not discover the typographical error in the pleadings until October 2, 2025, *id.* ¶ 16.

## II.     DISCUSSION

On October 16, 2025, Plaintiffs filed their Motion to Amend the Complaint, in which they requested the Court (1) grant them "leave to file the Second Amended Complaint, which properly states the dates for Peña's claims," and (2) "include Plaintiff Peña's claims for unpaid overtime in

2021 in the Final Pre-Trial Order." Mot. Amend Compl. ¶ 13. The same day, Plaintiff Ardila Peña

filed his Motion to Amend Admission, seeking leave to amend his response to Defendant's request

for admission. *See* Mot. Amend Admis. 6. The Court addresses each motion in turn.

## A. Plaintiffs' Motion to Amend the Complaint

Federal Rule of Civil Procedure 15 provides that "[t]he court should freely give leave [to

amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, it is Rule 16(b),

and not Rule 15(a), which "governs the amendment of pleadings after a scheduling order's deadline

to amend has expired." *Grant v. City of Houston*, 625 F. App'x 670, 679 (5th Cir. 2015) (quoting

*Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015)). Where, as here, an untimely motion for

leave to amend is filed, the court must first find that the threshold requirements of Rule 16(b) are

met before applying the more liberal Rule 15(a) standard. *See S&W Enters., L.L.C. v. SouthTrust

Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

### *1. Plaintiffs' motion fails under Rule 16(b), because Plaintiffs have not shown that there is good cause to modify the scheduling order.*

Under Rule 16(b), the Court may grant a movant's request to allow an untimely amendment

only where there is "good cause" to modify the existing scheduling order. *See* Fed. R. Civ. P.

16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines

cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters.,

L.L.C.*, 315 F.3d at 535 (citing 6A Charles Alan Wright et al., Federal Practice and Procedure §

1522.1 (2d ed. 1990)). In determining whether a movant has shown good cause to modify the

scheduling order, courts consider: "(1) the explanation for the failure to timely move for leave to

amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment;

and (4) the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Servs.,*

*Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

     a.  *The first, third, and fourth factors counsel against finding good cause to modify the scheduling order.*

     "Merely proffering an explanation" for a delay in filing is "not enough" to show good cause to modify a scheduling order. *Banks v. Spence*, 114 F.4th 369, 372 (5th Cir. 2024). An "explanation has to be 'adequate,' and an 'adequate' explanation is something more than 'inadvertence.'" *Id.* (quoting *S&W Enters.*, 315 F.3d at 536). Delays caused by inadvertent mistakes of fact or counsel's inattention are "tantamount to no explanation at all." *Id.* Here, Plaintiffs offer no meaningful justification for the delay. Instead, they simply state that the incorrect work dates included in the pleadings were the result of a typographical error, which counsel "did not realize" existed until Plaintiff Ardila Peña's deposition on October 2, 2025. Mot. Amend Compl. ¶ 14, 16. They provide no explanation for Plaintiffs' failure to identify this inconsistency over the course of years of litigation, nor do they attempt to justify their two-week delay in filing the instant motion after the error came to light. *See id.* Accordingly, the Court finds the first factor weighs heavily against a finding of good cause. *Ward v. CNH Am., L.L.C., Ind.*, 534 F. App'x 240, 242 (5th Cir. 2013), *as revised* (July 23, 2013) (finding that the first factor "particularly . . . weigh[ed] against [movant]" where movant merely stated "failure was . . . 'an innocent mistake'").

     While this first factor alone demonstrates that Plaintiffs did not act with the requisite diligence, the Court further finds that the third factor similarly weighs against a finding of good cause. In addressing whether an amendment to the scheduling order would have prejudicial effect, courts consider, *inter alia*, whether the modification would set back the non-movant's "preparation and increase[] the expense of the litigation." *Newsome v. Int'l Paper Co.*, 123 F.4th 754, 767 (5th Cir. 2024) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)) (citation modified);

*Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (considering whether amendment would require non-movant to "expend significant additional resources to conduct discovery and prepare for trial"). Defendant apparently concedes that "all discovery regarding Plaintiff's work for Defendant in 2021 has been conducted" and that it has not been "surprised" by the request to amend the pleadings. Mot. Amend Compl. ¶ 18; Resp. Mot. Amend Compl.1. However, while this forewarning may alleviate some prejudice, it does not eliminate it entirely. *Meaux Surface Prot, Inc. v. Fogleman*, 607 F.3d 161, 168 (5th Cir. 2010) (citing *S&W Enters., L.L.C.,* 315 F.3d 533 at 536) (recognizing belated amendment to pleading would result in "minor" prejudice to non-movant, even where non-movant should have known that movants pleadings contained an error that would need to be amended for relief to be available). With trial quickly approaching, the requested amendment would likely require some need for re-evaluation and revision by counsel. While "[b]eing denied the ability to prevail on a technicality is not the kind of 'prejudice' [the court] must remedy," *Meaux Surface Prot., Inc.*, 607 F.3d at 168, there does exists some legitimate risk that granting Plaintiffs leave would encroach upon the remaining time Defendant has to prepare for trial and result in increased litigation costs.

As to the fourth factor, the Court does not find that a continuance can be made available at this stage in litigation, despite the potential for prejudice. Trial is quickly approaching and both parties have already exhausted the Court's leniency in modifying the trial date. *See* Order Resetting Trial Date, ECF No. 112. While the Court acknowledges that "[l]iberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, . . . 'equal attention should be given to the proposition that there must be an end finally to a particular litigation.'" *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967) (quoting *Friedman v.*

*Transamerica Corp.*, 5 F.R.D. 115, 116 (D. Del., 1946)).    Judicial efficiency simply cannot accommodate further delay.

Therefore, the Court finds that the first, third, and fourth factors counsel against finding good cause to modify the scheduling order.

   b. *While the second factor favors finding good cause, it does not outweigh the other three factors.*

There is no denying that Plaintiff Ardila Peña's requested amendment to the pleadings is important, particularly where this preventable mistake now leaves him without a means by which to seek relief for his claims. *Meaux Surface Prot., Inc.*, 607 F.3d at 167 (amendment important where plaintiff would have "no remaining theory of recovery" if denied leave). However, this fact alone is not dispositive. *See Fahim*, 551 F.3d at 348 (affirming denial of leave to amend even where requested amendment was determined to be important); *Ward,* 534 F. App'x at 242 (same).

The Fifth Circuit has repeatedly emphasized that a court's determination regarding the first factor may in and of itself provide sufficient grounds to deny a motion for leave to amend.  *See Banks*, 114 F.4th at 371–72 (holding failure to explain a delay is sufficient reason to affirm a lower court's denial of leave to amend); *see also Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595 (5th Cir. 2021)); *Marable v. Dep't of Com.*, 857 F. App'x 836 (5th Cir. 2021) (per curiam).  Here, the significance of the claim does not offset Plaintiffs' inability to offer justification for their delay in filing to amend. Moreover, when considered in conjunction with the remaining two factors, the scale tips further against a finding of good cause.

The Court finds Plaintiffs have neither demonstrated that an assessment of the four factors weighs in their favor, nor "that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension.'"  *S&W Enters., L.L.C.*, 315 F.3d at 535 (citation omitted). Accordingly, the Court does not find that there is good cause to modify the scheduling order.

**2. Even if good cause was established, Rule 15(a) would not obligate the Court to grant the motion.**

Even if Plaintiffs met their burden to show good cause, "[s]eparate and apart from Rule 16(b), there is also the matter of Rule 15(a)." *Olivarez*, 997 F.3d at 602 n.2. While "Rule 15(a) 'evinces a bias in favor of granting leave to amend,' " *C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314 (5th Cir. 2016) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002)), the Court need not afford parties latitude to amend where there has been "undue delay" or "repeated failure to cure deficiencies by amendments previously allowed." *Olivarez*, 997 F.3d at 602 n.2 (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

Over the course of more than two years of litigation, Plaintiff Ardila Peña not only engaged in the discovery process and dispositive motions practice but also re-affirmed the same erroneous dates in (1) two motions for leave to amend, *see* Pls.' Mot. Leave File Pls.' 1st Amend. Compl. Ex. 1, at 8; Pls.' 2d Mot. Leave File Pls.' 1st Amend. Compl. Ex. 1, at 9; (2) an amended complaint, *see* Amend. Compl. 8;  and (3) a signed admission, *see* Mot. Amend Admis. Ex. 1, at 12.  Plaintiff was afforded many opportunities to identify and rectify his error but failed to do so within a reasonable time frame.  Thus, the Court finds that, even if Plaintiff had established good cause to amend, denial would also be proper under Rule 15(a).  *See Herrmann Holdings Ltd.*, 302 F.3d at 566–67 (denying motion for leave to amend where plaintiffs "already filed an original complaint and two amended complaints," as they were "given ample opportunity" to cure deficiencies); *Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 833, 837 (5th Cir. 1992) (undue delay where movant sought leave to amend complaint two years after initiating suit).

Accordingly, the Court declines to permit Plaintiff to amend the complaint, and thus will not include Plaintiff Ardila Peña's 2021 claims in its Final Pre-Trial Order.

In light of the foregoing, "Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint and to Include Plaintff [sic] Peña's Claim for Unpaid Overtime in 2021 in the Final Pre-trial Order," ECF No. 106, is **DENIED**.

**B.  Plaintiff Ardila Peña's Motion to Amend the Admission**

Generally, "[a] matter admitted under Rule 36 is conclusively established."  Fed. R. Civ. P. 36(b).  However, upon a motion to amend an admission, "a court may permit withdrawal or amendment if it promotes the presentation of the merits *and* if the court is not persuaded that such an allowance prejudices the opposing party in maintaining or defending the action on the merits." *Stroud v. Walmart, Inc.*, 798 F. App'x 801, 802 (5th Cir. 2020) (quoting *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001)); *see also* Fed. R. Civ. P. 36(b).

Before the Court can allow Plaintiff Ardila Peña to amend his admission, it must find the amendment "would serve the presentation of the case on its merits."  *SEC v. AmeriFirst Funding, Inc.*, No. CIV.A.3:07CV1188-D, 2008 WL 2073498, at *1 (N.D. Tex. May 13, 2008) (quoting *In re Carney,* 258 F.3d at 419).  Plaintiff Ardila Peña seeks damages for overtime wages allegedly denied to him during his employment with Defendant in 2022.  Amend. Compl. 2.  Thus, the fact that he worked for Defendant in 2021, rather than 2022, clearly bears on the merits of the case.

Next, the Court must determine whether Defendant would be prejudiced by the amendment.  "Prejudice may occur where a party faces 'special difficulties ... caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.'"  *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 896 (5th Cir. 2009) (quoting *Am. Auto. Ass'n., Inc., v. AAA Legal Clinic of Jefferson Crooke, P.C.,* 930 F.2d 1117, 1120 (5th Cir. 1991)).  Defendant does not identify any particular prejudice it would suffer if the amendment were permitted.  Resp. Mot. Amend Admis.  Moreover, both parties have acknowledged that Defendant has received discovery materials concerning the 2021 work dates,  Mot. Amend Admis. ¶ 19; Resp. Mot. Amend Admis.

8

1,  and the Court sees no reason Defendant would require any further discovery related to those dates given the Court's denial of Plaintiffs' Motion to Amend the Complaint.  Thus, the Court does not find that the amendment would prejudice Defendant.

Having found both requirements of Rule 36(b) to be satisfied, the decision to grant Plaintiff Ardila Peña's motion falls within the Court's discretion.  Accordingly, "Plaintiff Jairo Andres Ardila Peña's Motion to Amend Plaintiff's Response to Request for Admission," ECF No. 107, is **GRANTED**.

### III.    CONCLUSION

For the foregoing reasons, "Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint and to Include Plaintff [sic] Peña's Claim for Unpaid Overtime in 2021 in the Final Pre-trial Order," ECF No. 106, is **DENIED**, and "Plaintiff Jairo Andres Ardila Peña's Motion to Amend Plaintiff's Response to Request for Admission," ECF No. 107,  is **GRANTED**.

**SO ORDERED** and **SIGNED** this 7th day of November, 2025.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

9