**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **AURELIO TARAZONA CARVAJAL, EDUAR HURTADO GARCIA, ELKIN HUMBERTO GÓMEZ PINTO, FREDY ALEXANDER HERRERA PICO, JAIRO ANDRÉS ARDILA PEÑA, JORGE ELIECER DIAZ GALVIS, WILSON FABIAN PEÑA CASTILLO, JUAN DAVID GARCÍA RODRIGUEZ,** *Plaintiffs*, | § § § § § § § § § § § § § § | **EP-23-CV-00245-RFC** |
| **v.** | | |
| **MIJELUM, L.L.C.,** *Defendant*. | | |

## ORDER

Before the Court is Defendant Mijelum, L.L.C.'s Motion for Relief from Deadline to File and Serve Deposition Testimony Designations and Request for Extension of Time [hereinafter "Mot."], ECF No. 119. For the reasons set forth below, Defendant's Motion is **DENIED**.

### I.   BACKGROUND

Pursuant to the deadlines set forth in the Court's Fifth Amended Scheduling Order, ECF No. 46, Defendant filed its initial designation of deposition testimony on October 6, 2025. Def.'s Notice Compliance – Local Rule CV-16(F) 4–8 [hereinafter "October 6, 2025 Filing"], ECF No. 85. In the October 6, 2025 Filing, Defendant noted that it had not yet deposed all of the witnesses, but designated segments of the depositions of Plaintiffs Aurelio T. Carvajal, Eduar Hurtado Garcia, Fredy Alexander Herrera Pico, and Elkin Humberto Gomez Pinto. *Id.* at 4–8. Thereafter, on October 22, 2025, the parties were ordered "to file and serve by designation any deposition testimony that they intend to offer into evidence, for all witnesses, on or before December 1, 2025."

Order Pls' Mot. Recons. 3 [hereinafter "October 22, 2025 Order"], ECF No. 113.[1]  Although Plaintiffs filed their final deposition page and line designations within the allotted timeframe, *see* Pls.' Amend. Dep. Page & Line Desig., ECF No. 118, Defendant "inadvertently failed to perceive and overlooked" the December 1, 2025 deadline and did not recognize its opportunity to amend its designations had passed until January 12, 2026,  Mot. 2.

On January 13, 2026, counsel for the parties conferred and Plaintiffs moved for leave to amend their deposition designations.  Mot. 4.  Defendant informed the Court that  Plaintiffs did not oppose Defendant's late designation, "as the designation does not unfairly prejudice the Plaintiffs."  *Id.* Defendant further provided that "Plaintiffs requested they be extended the same relief should it be requested, of which Defendants are in agreement."  *Id.*[2]

While the instant Motion was pending and without leave from the Court, Defendant filed its Amended Deposition Page and Line Designations, ECF No. 120, on January 13, 2026.  The amended designations included the previously designated excerpts from the depositions of Plaintiffs Aurelio T. Carvajal, Eduar Hurtado Garcia, Fredy Alexander Herrera Pico, and Elkin Humberto Gomez Pinto, as well as new testimony from Plaintiffs Wilson Fabian Castillo, Jairo Andres Ardila Pena, Jorge Eliecer Diaz Galvis, and Juan David Garcia Rodriguez.  *Id.*

---

[1]       Neither the instant Order, nor the Court's October 22, 2025 Order, should be read to prevent the Defendant from introducing the testimony designated in Defendants' October 6, 2025 Filing, which was served and filed within the then-existing deadline set by the Court.  Defendant may introduce the previously designated segments of the depositions of Plaintiffs Carvajal, Hurtado Garcia, Herrera Pico, and Gomez Pinto, subject to limitation by Plaintiffs' valid objections and any further rulings by the Court.

[2]       A court is not required to grant a motion merely because the motion is unopposed.  *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).  By extension, even if the Court were to grant this instant Motion, it would not be bound by the parties' agreement should Plaintiffs lodge a similar request to modify the Court's schedule.

## II.    DISCUSSION

Federal Rule of Civil Procedure 16(b)(4) provides that a court may grant a movant's request to modify a scheduling order only where there is "good cause" for modification.[3]  Courts consider four factors in determining whether good cause exists: "(1) the party's explanation for its failure to meet the deadline, (2) the importance of the extension to the moving party, (3) potential prejudice to the non-movant in allowing the extension, and (4) the availability of a continuance to cure such prejudice." *Charter Sch. Sols. v. GuideOne Mut. Ins. Co.*, 333 F.R.D. 97, 100 (W.D. Tex. 2019) (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)). However, at its core, "[t]he good cause standard ***requires*** the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)) (emphasis added).

Given this requirement, a court's determination regarding the first factor may in and of itself provide sufficient grounds to deny the request to modify a court-imposed deadline.  *See Banks v. Spence*, 114 F.4th 369 (5th Cir. 2024) (holding failure to explain a delay is sufficient reason to affirm a lower court's denial of leave to amend); *see also Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021); *Marable v. Dep't of Com.*, 857 F. App'x 836 (5th Cir. 2021) (per curiam).  As the Fifth Circuit emphasized, and this Court reiterated in its November 7, 2025 Order,

> "[m]erely proffering an explanation" for a delay in filing is "not enough" to show good cause to modify a scheduling order. . . . An "explanation has to be 'adequate,'

---

[3]    Defendant appear to argue the instant Motion is governed by Federal Rule of Civil Procedure 6(b), which provides the standard for general extensions of deadlines.  Mot. 2.  However, because that the date provided in the October 22, 2025 Order modified a deadline previously set in a Rule 16 scheduling order, *see* Fifth Amend. Sched. Order 2, the Court finds it is proper to treat the Motion as requesting a modification under Rule 16(b)(4).  In either instance, both rules require a showing of "good cause" and give the Court discretion to determine whether an extension or modification should be granted.  *See* Fed. R. Civ. P. 6(b); *id.* at 16(b)(4).

and an 'adequate' explanation is something more than 'inadvertence.'" . . . Delays caused by inadvertent mistakes of fact or counsel's inattention are "tantamount to no explanation at all."

Order Pls.' Mot. Leave File Second Amend. Compl. & Pl. Ardila Peña's Motion Amend His Resp. Def.'s Req. Admis. 4, ECF No. 117 (quoting Banks, 114 F.4th at 372).

Here, even if the Court were to find that each of the remaining three factors weighed in favor of Defendant – as it would, given Plaintiffs' apparent concession that no prejudice would result from the late designation – Defendant fails to provide a satisfactory explanation for the delay. Defendant clearly stated the delay resulted from its "inadvertent[] fail[ure] to perceive" the deadline – an excuse belonging to a class of explanations deemed "tantamount to no explanation at all." *Banks*, 114 F.4th at 372 (quoting *S&W Enters., L.L.C.*, 315 F.3d at 536). Given that Defendant's failure to file the designations resulted from its inattention to the Court's orders, rather than a legitimate cause for delay, the Court cannot find that Defendant acted with diligence in meeting the deadline. Accordingly, Defendant has failed to show good cause for modification.

### III.    CONCLUSION

For the foregoing reasons, Defendant Mijelum, L.L.C.'s Motion for Relief from Deadline to File and Serve Deposition Testimony Designations and Request for Extension of Time, ECF No. 119, is **DENIED**.

The Clerk of Court is **ORDERED** to **STRIKE** Defendant's Amended Deposition Page and Line Designations, ECF No. 120, from the docket.

**SO ORDERED** and **SIGNED** this 15th day of January, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

4