# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **AURELIO TARAZONA CARVAJAL, EDUAR HURTADO GARCIA, ELKIN HUMBERTO GÓMEZ PINTO, FREDY ALEXANDER HERRERA PICO, JAIRO ANDRÉS ARDILA PEÑA, JORGE ELIECER DIAZ GALVIS, WILSON FABIAN PEÑA CASTILLO, JUAN DAVID GARCÍA RODRIGUEZ,** *Plaintiffs,* | § § § § § § § § § § § § § § § | **EP-23-CV-00245-RFC** |
| **v.** | | |
| **MIJELUM, L.L.C.,** *Defendant.* | | |

## ORDER

On February 2, 2026, this Court held a pretrial conference during which it considers several matters pertaining to trial, including the parties' (1) motions in limine, Pls.' Mot. in Limine, ECF No. 88; Def.'s Amend. Mot. in Limine, ECF No. 123; (2) objections to designated deposition testimony, Pls.' Objs. Def.'s Dep. Excerpts, ECF No. 104; Def.'s Suppl. Amend. Objs. Designated Dep. Test., ECF No. 126; (3) objections to exhibits, Parties Proposed Joint Ex. List, ECF No. 97; Def.'s Objs. Pls.' Ex. List, ECF No. 102; and (4) objections to witnesses, Parties Joint Witness List [hereinafter "Witness List"], ECF No. 99.

During the conference, the parties agreed to waive jury trial and proceed with a bench trial. Given that "there is no risk of tainting the trial by exposing a jury to unreliable evidence" during a bench trial, *Whitehouse Hotel Ltd. P'ship v. Comm'r*, 615 F.3d 321, 330 (5th Cir. 2010), the Court

will **DEFER** ruling on the motions in limine, objections to designated deposition testimony, and objections to exhibits until such evidence is offered at trial.

To avoid requiring individuals who will not be permitted to testify to appear unnecessarily, the Court will rule on the parties' objections to witnesses before trial.  In the parties' jointly filed witness list, (1) Defendant object to Wilson Fabian Peña Castillo as a witness for Plaintiffs; (2) Plaintiffs object to the inclusion of Joe Torres, CPA, in Defendant's list of expert witnesses; and (3) Plaintiffs object to Defendant's designation of four TxDOT employees as witnesses.

First, because Mr. Peña Castillo's testimony is probative of facts in issue and Defendant has not demonstrated a basis to exclude him as a witness, Mr. Peña Castillo will be allowed to testify.  Thus, Defendant's objection to Mr. Peña Castillo serving as a witness is **OVERRULED**.

Second, Defendant withdrew its designation of Mr. Torres as a witness during the pretrial conference.  Accordingly, Plaintiffs' objection to Mr. Torres serving as a witness is **OVERRULED AS MOOT**.

Third, Plaintiffs state that four TxDOT employees – Owen Phillips, Orlando Mendoza, Anthony Snyder, and Ruben Martinez – should be prohibited from testifying because Defendant did not list the proposed witnesses as "person[s] with knowledge of relevant facts until they filed their supplemental disclosures on October 7, 2025," well after the close of discovery.  Witness List. 4–5, n.1–4.  While the Federal Rules of Civil Procedure do not require that witnesses used solely for impeachment purposes be disclosed prior to trial, *Duke v. Performance Food Grp., Inc.*, 594 F. App'x 829, 831 (5th Cir. 2014) (citing Fed. R. Civ. P. 26(b)(3); *Longino v. Chiles Offshore, Inc.,* 71 F.3d 878 (5th Cir.1995)), the Court's Fifth Amended Scheduling Order ordered the parties to "file their designation of potential witnesses . . . by March 2, 2025," Fifth Amend. Sched. Order 1, ECF No. 46.

This Court has, on several occasions, emphasized to both parties that they will be bound by the scheduling order unless good cause for modification has been shown. Despite that fact, the Court has repeatedly been called upon to address unjustified noncompliance. And in each instance, the parties' failure to adhere to the Court's schedule proved detrimental to the non-compliant party.

Once again, the Court finds Defendant has failed to adhere to the deadlines set in the scheduling order and lack good cause for their noncompliance. In keeping with its previous holdings, the Court finds it must take steps to ensure that its scheduling orders are given effect. Federal Rule of Civil Procedure 16(f)(1)(C) empowers courts to issue "any just orders," including prohibiting the disobedient party from introducing evidence at trial, to remedy noncompliance with a scheduling order. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii). Because Defendant failed to timely designate the TxDOT employees as witnesses, Court finds it is appropriate that those witnesses be prohibited from testifying at trial. Accordingly, Plaintiffs' objections to Defendant's proposed TxDOT witnesses – Mr. Phillips, Mr. Mendoza, Mr. Snyder, and Mr. Martinez – are **SUSTAINED**.

**SO ORDERED** and **SIGNED** this 5th day of February, 2026.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

3